STATE *v.* GLENN.

There is no error, and the judgment of the Superior Court is affirmed.

No error.　　　　　　　　　　　　　　　Affirmed.

---

STATE v. E. G. GLENN.

*Evidence— Witness.*

Evidence elicited from a witness on cross-examination calculated and intended to discredit him, may be explained, notwithstanding such explanatory testimony would have been incompetent on the examination in chief.

This was an INDICTMENT for selling intoxicating liquor on Sunday, tried before *Philips, Judge,* at July Criminal Term, 1886, of the Superior Court of WAKE county.

Dr. J. A. Penny, a State's witness, on cross-examination, stated that he had not instigated any prosecution against the defendant for illegal sales of liquor; that he was attending this term of the Court in a burglary case, in which he and the defendant were witnesses for the State, and having heard that Fowler said that he had bought liquor from the defendant on that Sunday, he (witness) called the attention of the Solicitor to it; that after the prosecution began, he employed counsel to assist in prosecuting the defendant.

On being asked by the defendant's counsel if he had not declared that he intended to " break up " the defendant, he answered as follows: " I tried to break up the selling of liquor at Tipper's Cross-Roads by the defendant, and did all I honorably could do to do so. I intended to do all I honorably could to break it up. I, and others, opposed the granting of license to the defendant to sell liquor there. I am not on bad terms with the defendant; have not had any

trouble with him about land." Question by defendant:
" Don't you know that petitions were presented to the Board
of Commissioners of Wake county, in which he was recom-
mended as a man of good character, and a suitable person
to be granted license to sell spirituous liquor?" The wit-
ness answered: " I know that such petitions were presented,
but there were counter-petitions; license was granted him."

On re-direct examination, the witness was asked this ques-
tion: " You have stated that you declared your intention to
do all you honorably could to break up the selling of whis-
key by Glenn at his store. Why did you make that decla-
ration?"

Question objected to by the defendant. The Court ruled
that an impeaching question having been asked the witness
and answered as stated, he had a right to explain his reason,
and overruled the defendant's objection, whereupon the de-
fendant excepted.

The witness answered, " I made the assertion because I
thought the grog-shop was an injury to the community. My
children and my neighbors' boys would be induced to form
bad habits there, and it was detrimental to the community.
I know a good many of my neighbors opposed it, and I was
willing to assist them in suppressing it, and the reason I did
it was because I believed Glenn to be an improper person to
sell liquor in any community, and especially in that one."

The defendant objected to this answer as well as to the
said question, on the ground, as he contended, that the wit-
ness could only state facts, and the reason given by him was
irrelevant; and that the answer was objectionable because it
put the character of the defendant's house, as well as of the
defendant himself, before the jury.

Objection to the answer overruled. Exception by defend-
ant to question and answer.

The witness was then asked by the solicitor, " Were your
reasons based upon what you saw yourself?" Objected to

by defendant, on the grounds given for the preceding objections. Objection overruled. Exception by defendant. He answered, "From what I saw myself."

There was a verdict of guilty, and from the judgment thereon the defendant appealed.

*Attorney-General,* for the State.

*Mr. E. C. Smith,* for the defendant.

MERRIMON, J. Neither of the appellant's exceptions can be sustained. It was obviously his purpose to impeach the prosecuting witness by the cross-examination. He sought to show that this witness had instigated and set the prosecution on foot, prompted by motives of ill will towards the defendant, and a wicked purpose to destroy his business, and thus destroy the weight of witness' testimony. The State then, certainly had the right to have him explain his conduct brought in question and the motives that prompted his action, so that he might stand in a fair and just light before the jury. A party cannot be allowed to impeach a witness on the cross-examination by calling out evidence culpatory of himself and there stop, leaving the opposing party without opportunity to have the witness explain his conduct, and thus place it in an unobjectionable light if he can. In such case the opposing party has the right to such explanation, even though it may affect adversely the party who cross-examined. Upon the examination in chief, the evidence may not be competent, but the cross-examination may make it so.

There is no error.

No error.                                                            Affirmed.