State v. Austin

STATE OF NORTH CAROLINA v. JODIE VERNON AUSTIN

No. 7520SC562

(Filed 5 November 1975)

Criminal Law § 34— testimony that defendant committed another crime —
   testimony invited by defendant
      In a prosecution for maliciously damaging real property, the trial
   court did not err in allowing defendant's daughter who was a State's

witness to testify on redirect examination that her father expected her to have sex with him and that he had threatened her on several occasions where on cross-examination defendant sought to impeach the credibility of his daughter by implying that she was a disobedient daughter whom he often had to discipline and that she was testifying out of spite.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 5 February 1975 in Superior Court, UNION County. Heard in the Court of Appeals 20 October 1975.

Defendant was charged in a warrant with the offense of maliciously damaging real property. He was found guilty in district court and appealed to the superior court where he was tried *de novo* upon the original warrant.

The State's evidence tended to show the following: At approximately 5:00 p.m. on Saturday, 24 June 1972, Trooper Donald E. Stone of the North Carolina Highway Patrol observed a small boy operating a "go-cart" in the parking lot of Little King Restaurant in the town of Wingate. Trooper Stone went to the parking lot and spoke with the small boy, advising him that he was operating the "go-cart" in a very reckless manner. Defendant's truck was parked in the parking lot, and defendant ran over to Trooper Stone. He told Trooper Stone that he would let his son operate the "go-cart" any way he wanted to operate it and that defendant would just kill all of the s.o.bs. in law enforcement. Defendant threatened the trooper with a screwdriver, but then loaded the "go-cart" on his truck and left, saying "I want you to remember I'll kill you and the rest of the s.o.bs." Between 9:00 and 9:30 that night, defendant fired a shotgun through the picture window of the living room in Trooper Stone's residence in the town of Wingate. The trooper and his family were not at home at the time. Defendant returned to his home, told his family he shot out the trooper's window, told them to say he had been at home all night, put his shotgun away, and went to bed. Defendant offered no evidence.

The jury found defendant guilty as charged, and judgment of imprisonment for two years was entered. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Alan S. Hirsch, for the State.*

*James E. Griffin and Charles D. Humphries, for the defendant.*

BROCK, Chief Judge.

At trial defendant's daughter testified as a witness for the State. The only assignment of error brought forward and argued in defendant's brief relates to a portion of his daughter's testimony.

On cross-examination defendant sought to impeach his daughter's testimony by obtaining her admission that she had had numerous arguments with her father and that she was bitter towards her father. On redirect examination the State sought to reestablish her credibility by showing what caused the arguments and bitterness. The following transpired on redirect:

"Q. If you will state what the problem has been between—

MR. GRIFFIN: Objection.

COURT: Overruled.

Q. What is the problem between you and your father since that time?

A. He gets mad and he expects me to have sex with him.

MR. GRIFFIN: Move to strike.

COURT: Denied.

My father has threatened me on several occasions."

Defendant argues that he did not place his character in issue, and therefore the State is not allowed to offer evidence of another distinct criminal act. Defendant argues the well-known principle that, ordinarily, evidence of the commission by the accused of crimes unconnected with that for which he is being tried, when offered by the State in chief, is not admissible. Defendant cites *State v. Rinaldi*, 264 N.C. 701, 142 S.E. 2d 604 (1965); and Stansbury's North Carolina Evidence, Brandis Revision, §§ 104 and 108. The exceptions to the above general rule are set out with particularity in *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954).

However, in our view, neither the general rule nor the exceptions thereto are applicable to the present case. Here, on cross-examination the defendant sought to impeach the credibility of his daughter by inferring that she was a disobedient

daughter whom he had often had to discipline and that she was testifying out of spite. The State had a right to have her explain the reason for her frequent arguments with her father and the reason for her bitterness. This is so even though the testimony may not have been competent in the State's examination in chief. "Upon the examination in chief, the evidence may not be competent, but the cross-examination may make it so." *State v. Glenn*, 95 N.C. 677 (1886) ; *see also* Stanbury's North Carolina Evidence, Brandis Revision, § 45. In our opinion defendant opened the door for the daughter's explanation, and he should not now be heard to complain.

No error.

Judges HEDRICK and CLARK concur.