STATE OF NORTH CAROLINA v. HOWARD SNYDER

No. 7623SC614

(Filed 15 December 1976)

**Criminal Law § 163— instructions — exceptions and assignments of error broadside and ineffectual**

Defendant's exceptions and assignments of error to the trial court's charge are broadside and ineffective to present any portion of the instructions for review, since defendant failed to identify the portion of the instruction to which he excepted and assigned error, or failed to state the substance of the instruction he contended the trial court should have given. N. C. Rules of App. Procedure, Rule 10(b)(2).

APPEAL by defendant from *Walker (Hal H.), Judge.* Judgment entered 30 March 1976 in Superior Court, ASHE County. Heard in the Court of Appeals 16 November 1976.

Defendant was charged in a bill of indictment with the murder of his brother, Earl Snyder, on 10 September 1975. The district attorney elected to proceed on the lesser-included offense of second-degree murder or such lesser offense as the jury may find. The jury found defendant guilty of voluntary manslaughter, and judgment of imprisonment for a term of not less than five nor more than seven years was entered.

---

State v. Snyder

---

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb and Associate Attorney Alan S. Hirsch, for the State.*

*Vannoy, Moore and Colvard, by J. G. Vannoy and Howard C. Colvard, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant brings forward and argues only his exceptions 8 and 9. Exceptions 8 and 9 purport to be taken to the instructions of the court to the jury. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides:

> "An exception to instructions given the jury shall identify the portion in question by setting it within brackets or by any other clear means of reference. An exception to the failure to give particular instructions to the jury . . . which was not specifically requested of the trial judge shall identify the omitted instruction, . . . by setting out its substance immediately following the instructions given . . . "

In this case at the end of a paragraph on approximately the seventeenth printed record page of the judge's charge (approximately the beginning of the last printed record page), defendant has inserted the words:

"DEFENDANT'S EXCEPTIONS NOS. 8 and 9."

So far as the record on appeal discloses, these exceptions relate to the foregoing seventeen printed record pages of the charge. There are no brackets or other clear means of reference to identify the portion of the instructions in question. Nor is an omitted instruction identified by its substance being set out immediately following the instruction given. The necessity for identifying the instruction objected to has long been the established practice in North Carolina. The new rules merely clarify the requirement.

For the reason that appellant has failed to identify the portion of the instructions to which he excepts and assigns error, or to state the substance of the instruction he contends the court should have given, the exceptions and assignments of

error are broadside and are ineffective to present any portion of the instructions for review.

No error.

Judges PARKER and HEDRICK concur.