State v. Lee

STATE OF NORTH CAROLINA v. SYLVESTER LEE

No. 798SC156

(Filed 19 June 1979)

1. **Indictment and Warrant § 1— indictment unaffected by charges at preliminary hearing**

    The grand jury may indict without regard to the charges presented or determined at a probable cause hearing in the district court.

2. **Assault and Battery § 15.7— self-defense on one's own premises—instruction not required**

    In a prosecution for assault with intent to kill inflicting serious bodily injury, the trial court did not err in failing to instruct on self-defense when one is assaulted on his own premises, since the evidence tended to show that the victim was at all times during the altercation in question in an alley adjoining defendant's house and not on defendant's premises.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 16 November 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 3 May 1979.

A warrant was issued for defendant's arrest charging him with felonious assault with a deadly weapon inflicting serious bodily injury upon Roger Rayner. Probable cause was found and defendant was bound over for trial. An indictment was returned against the defendant, however, charging him with assault with intent to kill inflicting serious bodily injury. Defendant was tried on this charge.

The State's evidence tends to show that on 2 September 1978, Roger Rayner was walking down Virginia Street to his cousin's house. In order to reach his destination, he had to pass in front of defendant's house. As he was passing, he saw defendant run into his house. Meanwhile, Rayner knocked on his cousin's door and, when there was no answer, turned to leave. As he was walking in front of defendant's house, defendant told Rayner he was going to kill him and shot him in the leg with a shotgun. Rayner was able to get home at which time he was taken to the hospital. He stayed in the hospital for six days.

Defendant's evidence tends to show that he was sitting in an alley beside his house talking to a friend when Rayner walked up. He asked defendant if his name was Sylvester Lee and told de-

fendant that he was going to mess him up. Rayner pushed defendant until defendant went into his house. Defendant came out with a gun and told Rayner to leave. When Rayner failed to leave defendant shot him. Rayner was moving towards defendant when he was shot. Although Rayner had his right hand in his pocket, there was no evidence that he had a weapon.

Defendant was convicted of assault with a deadly weapon inflicting serious bodily injury. From a judgment imposing a prison sentence, he appealed.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*Hulse and Hulse, by Herbert B. Hulse, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first contends that the trial court erred in denying his motion to strike the portion of the bill of indictment charging an intent to kill because the warrant at the probable cause hearing did not include that allegation. He argues that once the State has elected to proceed upon a specific charge and probable cause is found on that charge, the State cannot thereafter, with respect to the same facts, proceed on a bill of indictment charging a more serious offense. The argument reflects the diligence of defendant's able appointed counsel but not the present state of the law. A preliminary hearing is not essential to the finding of an indictment. The Grand Jury may indict without regard to the charges presented or determined at a probable cause hearing in the District Court.

[2] Defendant argues that the judge erred in his instructions on self-defense in that he failed to instruct on self-defense when one is assaulted on his own premises. We conclude, however, that the judge properly declared and explained the law concerning self-defense as it related to the evidence in the case then being tried. The evidence tends to show that the victim was in an alley adjoining defendant's house when the argument started. Defendant left and went into his house and got a shotgun and two shells. He pointed the loaded shotgun at Rayner while Rayner was in the alley and told him to leave. Defendant shot Rayner in the leg and,

as Rayner was attempting to run away, defendant fired into the air. The instructions on the ordinary rules of self-defense were appropriate. We concede, however, that it appears that the distinctions between the rules governing defense against "an *attack* on the house *or its inmates*," *State v. Gray*, 162 N.C. 608, 612, 77 S.E. 833 (1913) (emphasis added), and ordinary self-defense are now somewhat elusive. *See State v. McCombs*, 297 N.C. 151, 253 S.E. 2d 906 (1979).

We find no prejudicial error in defendant's trial.

No error.

Judges CLARK and CARLTON concur.