STATE OF NORTH CAROLINA v. CARL EDWARD McGEE

No. 8025SC83

(Filed 17 June 1980)

1. **Homicide § 12– indictment for second degree murder – allegation of malice aforethought not required**

There was no merit to defendant's contention that the bill of indictment for murder in the second degree should be quashed because it did not contain the word "aforethought" modifying malice, since malice aforethought is required to prove murder in the first degree but is not an element of murder in the second degree.

2. **Indictment and Warrant § 1– indictment unaffected by charge at preliminary hearing**

There was no merit to defendant's contention that the State should be estopped from prosecuting him on the charge of second degree murder because the district court judge failed to find probable cause on the murder charge and bound defendant over for trial only on a charge of manslaughter, since the actions of a grand jury are not limited by the charges presented or determined at a probable cause hearing in the district court.

3. **Homicide § 21.7– second degree murder – sufficiency of evidence**

Evidence was sufficient for the jury in a prosecution for second degree murder where it tended to show that defendant was living with deceased's wife in a motel room; upon seeing deceased's truck hit his jeep, defendant took a loaded .12-gauge shotgun and went out of the motel before deceased had gotten out of his vehicle; deceased had only a tire tool, eighteen inches long, in his possession; these events happened in the daytime; defendant shot deceased while he was behind a vehicle some 22 feet away; and there was no evidence deceased was assaulting or threatening to assault defendant in any way.

4. **Homicide § 3– tire tool – no deadly weapon as matter of law**

The trial court in a second degree murder case properly refused to instruct the jury that a tire tool found in deceased's possession was a deadly weapon as a matter of law.

5. **Homicide §§ 28.3, 28.4– second degree murder – deceased as aggressor – defense of habitation – no instructions required**

The trial court in a second degree murder case was not required to instruct the jury as a matter of law that deceased was the aggressor under the facts of this case, nor was there any evidence to require a specific instruction that defendant could defend his habitation, a motel room, in order to prevent a forcible entry.

6. **Criminal Law § 102.1– State's jury argument – no prejudice to defendant**

Defendant was not prejudiced by jury arguments of counsel for the

State v. McGee

State since defendant failed to object to some of the arguments at the time they were made; defendant's objections to several of the arguments were sustained and any prejudice to defendant was therefore removed; and the cumulative effect of the contested parts of counsel's arguments was not sufficiently prejudicial to require a new trial.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 12 September 1979 in Superior Court, BURKE County. Heard in the Court of Appeals 23 May 1980.

Defendant was tried and convicted of murder in the second degree. McGee was served with a warrant on the murder charge and upon probable cause hearing was bound over to the superior court on the felony of manslaughter. Thereafter, on 20 August 1979, the grand jury for Burke County returned a true bill of indictment against defendant on the charge of murder in the second degree. Defendant moved to quash the bill and also moved that the state be estopped to proceed on the murder charge. The motions were denied, and upon trial by jury, defendant was convicted of the murder charge.

The state's evidence showed that on 10 July 1979 defendant and Johnny Van Horn's wife, Pat, were staying in the Morganton Motel. In a statement to the investigating officers, defendant said that when he returned to the motel from work, Mrs. Van Horn told him that her husband had been there a short time before and he had threatened to kill him. They talked about this and had decided to leave when defendant saw Van Horn's pickup truck crash into the rear of defendant's jeep parked in front of the motel room. Defendant opened the door and picked up a 12-gauge automatic Browning shotgun; he saw Van Horn come out of the truck with "something long and round and brown." He thought it was a gun. Defendant said for Van Horn to "hold it" and fired.

The investigating officer arrived about 8:15 p.m. and defendant told him that he did the shooting. The shotgun was found in the back of defendant's jeep and had two unfired shells in it. Near the body of Van Horn, the officers found a tire tool, weighing about one-half pound, eighteen inches long, and wrapped on one end with about six inches of white tape. After the shooting, defendant went to Van Horn, who was hit in the

---

State v. McGee

---

shoulder near the neck, and held his hand on the wound until the ambulance arrived.

Sometime before this event, the right foot of Van Horn had been surgically amputated at the ankle and he wore a special fitted shoe. Van Horn died as the result of the gunshot wounds.

Further investigation disclosed that Van Horn was about twenty-two feet from defendant when the shotgun was fired. The spent shotgun shell from defendant's gun was located about seven feet from the motel room door.

The statement by the defendant, offered by the state, showed he and Pat Van Horn had spent Sunday night at the Rainbow Inn and had rented a room for a week at the Morganton Motel. Defendant worked from 7:00 a.m. to 5:30 p.m. In addition to the shotgun, defendant had a .22-caliber pistol in the motel room and a .22-caliber rifle behind the seat of his jeep. After the truck crashed into defendant's jeep and defendant went outside with the shotgun, he saw what he thought was a gun barrel come up over the hood of the truck and he fired at Johnny Van Horn with the shotgun.

From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General W.A. Raney, Jr., for the State.*

*Byrd, Byrd, Ervin, Blanton & Whisnant, by Robert B. Byrd and Joe K. Byrd, for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant argues four assignments of error. After a careful consideration of the record, briefs and oral arguments of counsel, we find no error in defendant's trial.

[1,2] First, defendant contends the bill for murder in the second degree should be quashed because it does not contain the word "aforethought," modifying malice. The offense of murder in the second degree requires malice as an element, but not malice aforethought. "Aforethought" means "with premedita-

tion and deliberation" as required in murder in the first degree. It is not an element of murder in the second degree. *State v. Duboise,* 279 N.C. 73, 181 S.E. 2d 393 (1971). Defendant also insists the state should be estopped from prosecuting defendant on the charge of murder in the second degree because the district court judge failed to find probable cause on the murder charge and only bound the defendant over for trial on manslaughter. Defendant's counsel candidly concede this Court has reached a contrary result in *State v. Lee,* 42 N.C. App. 77, 255 S.E. 2d 602 (1979), but request the Court to reconsider this holding. A finding of probable cause by the district court is not a prerequisite to the returning of a true bill of indictment. The actions of a grand jury are not limited by the charges presented or determined at a probable cause hearing in the district court. We see no reason to abandon this beacon of the law to embark on uncharted seas. Defendant contends the present law may result in abuse of authority by the district solicitor. The ballot box is the remedy for such abuse. We find no merit in this assignment of error.

Defendant insists that the trial court erred in denying his motion to dismiss the charges of murder and voluntary manslaughter at the close of all the evidence. On such motion, the state is entitled to every reasonable inference arising from the evidence, which must be considered in the light most favorable to the state. *State v. Witherspoon,* 293 N.C. 321, 237 S.E. 2d 822 (1977). The introduction by the state of exculpatory statements by a defendant does not preclude the state from showing the facts concerning the crime to be different, and does not require nonsuit if the state contradicts or rebuts defendant's exculpatory statements. *State v. May,* 292 N.C. 644, 235 S.E. 2d 178, *cert. denied,* 434 U.S. 928, 54 L. Ed. 2d 288 (1977).

[3] The state's evidence showed defendant to be living with deceased's wife in a motel room. Upon seeing deceased's truck hit his jeep, defendant took an automatic shotgun, loaded with 12-gauge buckshot, and went out of the motel before the deceased had gotten out of his vehicle. Johnny Van Horn only had a tire tool, eighteen inches long, in his possession. These events happened in the daytime, shortly after defendant got off work at 5:30 p.m., daylight saving time, 10 July 1979. Defendant shot

Van Horn while he was behind a vehicle some twenty-two feet away. There is no evidence Van Horn was assaulting or threatening to assault defendant in any way. Defendant voluntarily left the safety of his motel room and could have easily returned there if he feared an assault from Van Horn.

Malice is presumed in the law from the intentional firing of the shotgun resulting in the killing of Van Horn. *State v. Jackson,* 284 N.C. 383, 200 S.E. 2d 596 (1973). The state's evidence is sufficient to throw a different light on the circumstances of the killing and to impeach defendant's exculpatory statements. It was for the jury to say whether defendant's guilt of murder or manslaughter had been proved beyond a reasonable doubt. The assignment of error is overruled.

[4] Defendant makes several exceptions to the court's charge on self-defense. He argues the court should have instructed the jury that the eighteen-inch tire tool was a deadly weapon as a matter of law. From an examination of the tire tool, which was offered into evidence and forwarded to this Court as an exhibit, it is obvious that it is not a deadly weapon as a matter of law. Whether it was a deadly weapon as used in this case depends upon the weapon itself, how it was being used, the size, strength and physical ability of the party using it, Van Horn, as opposed to that of defendant, and the other facts and circumstances of the case. *State v. Cauley,* 244 N.C. 701, 94 S.E. 2d 915 (1956). The court properly refused to instruct the jury that the tire tool was a deadly weapon as a matter of law.

Defendant argues that where there is evidence of self-defense the presumptions of unlawfulness and malice, which arise from the intentional shooting with a deadly weapon, disappear. This argument has been resolved by our Supreme Court in *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575 (1975), *rev'd on other grounds,* 432 U.S. 233, 53 L. Ed. 2d 306 (1977), where the Court held that *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508 (1975), does not preclude the continued use of our traditional presumptions of unlawfulness and malice arising from the intentional use of a deadly weapon resulting in death.

[5] Defendant contends the court should have instructed the jury as a matter of law that Van Horn was the aggressor under the facts of this case. We do not agree. This was properly a question for the jury and the court so instructed.

The court correctly charged the jury on the law of self-defense under the circumstances of this case. There was no evidence to require a specific instruction that defendant could defend his habitation, the motel room, in order to prevent a forcible entry. *State v. Jones*, 299 N.C. 103, 261 S.E. 2d 1 (1980).

> A person has the right to use deadly force in the defense of his habitation in order to prevent a forcible entry, even if the intruder is not armed with a deadly weapon, where the attempted forcible entry is made under such circumstances that the person reasonably apprehends death or great bodily harm to himself or the occupants of the home at the hands of the assailant or believes that the assailant intends to commit a felony. . . . The occupant may use deadly force when it is actually or apparently necessary to do so, and the jury is the judge of the reasonableness of the defendant's apprehension. . . .

> .  .  .  .

> Thus, when there is competent evidence in the case to raise the issue of defense of home, the jury must be instructed on this defense and the fact that the jury was instructed on defense of a family member does not cure the error.

*Id.* at 107, 261 S.E. 2d at 5.

In *Jones*, the deceased had made an assault on the house in an effort to force entry; he beat on the door, broke the lock on the door, tore the screen and broke several panes of glass in the front door, all after warning shots had been fired by defendant Jones. In our case, there is no evidence of such attack by Van Horn; he was some twenty-two feet from the motel when killed. The court's instructions were correct.

**[6]** Last, defendant objects to the jury arguments by counsel for the state. He points out eight places in the arguments, which are part of the record, in which he contends prejudicial error was committed. They read:

[1] Mr. Byrd keeps telling you that the facts are undisputed. Sure the facts are undisputed, but the intent or the truthfulness of the facts might be disputed. You must look at the person, ladies and gentlemen, that's made the statements. Carl McGee is the defendant. He's the man that's on the seat, on the hot seat today. He is the man that has an interest in this case. You must scrutinize very, very carefully, as the Court will instruct you, any person's statements who has an interest in the case.

[2] Now the other statement, Detective Buchanan comes in a little bit later, 9:40, which is some thirty — forty minutes later, and he takes a statement. He says well, let me take a statement here. What's Carl McGee say? Now listen to this second statement. Says Pat and Johnny Van Horn are separated over a month, she went back to Johnny for three days. Talking about Pat there, his roommate. Since Sunday, she left Sunday, — we stayed at the Rainbow Inn Sunday night. Over at the Rainbow Inn, just the two of them. Rented a room then for a week then at the Morganton Motel.

McGee now is making this statement to the officers. Remember again he's an interested witness. He said I signed my name, she didn't sign hers.

[3] I tell you, ladies and gentlemen, this case is clear to me. Johnny Van Horn went over there looking for his wife, he didn't go over there looking for trouble. There is absolutely no evidence of any weapon on the person of Johnny Van Horn. No evidence whatsoever.

[4] Ladies and gentlemen, the defendant Carl McGee shot and killed Johnny Van Horn, and he is guilty of murder. There is no reasonable doubt in my mind that that's not the case.

State v. McGee

[5] There is no self-defense. There is a homicide. Carl McGee has ended a very valuable life. He has done it in a very hostile aggravated manner.

[6] At the very minimum, ladies and gentlemen, from the evidence, if you believe everything that the defendant said, even inconsistencies, if you believe everything to his favor, the statements to the officers, you would have to find him guilty of voluntary manslaughter because he used excessive force. Even if this [tire tool] were thrown at him he used excessive force. He had not at any time been under a deadly attack, a deadly assault. No evidence.

[7] Several things about this case have really bothered me from the standpoint of the contentions made by the defendant. Why, oh why, oh why, Mr. Byrd, did your defendant arm himself with three weapons on this occasion? Why, oh why, Mr. Byrd, did he have two loaded weapons in the motel room, one of them before he ever even talked to Pat Van Horn, the victim's wife, about any threats? Why did he arm himself with three weapons?, when this man had never had any personal contact with him. Had never made a direct threat to him. I think you ladies and gentlemen can see the lies.

[8] I'll have you to recall one thing, the defendant didn't give Johnny Van Horn that right. The defendant, Carl McGee, on this occasion at the Morganton Motel with his twelve gauge shotgun with double-ought buckshot was the jury, the judge, and the executioner.

· Defendant did not object to numbers 1, 3, 5, 6 and 7 at the time the statements were made. He objected to numbers 2, 4 and 8; the objections were sustained by the court and on number 8 the court instructed the jury not to consider the argument. Defendant does not argue numbers 1, 3, 5 and 6 in his brief. All four are proper arguments, supported by the evidence in the case. While the statement in number 7 is inappropriate, it does not directly accuse any person or witness of lying. Counsel was only submitting the possibility to the jury for their determination. *State v. Noell,* 284 N.C. 670, 202 S.E. 2d 750 (1974),

*death penalty vacated,* 428 U.S. 902, 49 L. Ed. 2d 1205 (1976). Defendant made no objection at the time, and it is not so improper as to require the court to order a mistrial ex mero motu. *State v. Britt,* 291 N.C. 528, 231 S.E. 2d 644 (1977). If a timely objection had been made, the court could have removed any possible prejudice by instructions to the jury. *State v. Miller,* 288 N.C. 582, 220 S.E. 2d 326 (1975). Defendant fails to address number 2 in his brief. In any event, it is a proper argument supported by the facts of this case.

In number 4, state's counsel states his opinion as to the guilt of defendant. The court promptly sustained defendant's objection. No further instruction was requested. We do not believe that the statement, although clearly improper, is so grossly prejudicial as to require a mistrial. *State v. Britt, supra.*

The court sustained defendant's objection to the last quoted statement of counsel, and instructed the jury that they would not consider the argument. Again, although the argument was improper, any possible prejudice was removed by the action of the court and there is not sufficient prejudice to require a new trial.

Nor do we consider the cumulative effect of the contested parts of counsel's arguments to be sufficiently prejudicial to call for a new trial. Jury arguments must be left largely to the control and discretion of the trial judge. Counsel are generally allowed wide latitude in hotly contested cases. *State v. Westbrook,* 279 N.C. 18, 181 S.E. 2d 572 (1971), *death penalty vacated,* 408 U.S. 939, 33 L. Ed. 2d 761 (1972). We hold defendant was not deprived of a fair and impartial trial by counsel's arguments. See the excellent collection of authorities by Justice Copeland in *Reversible Error in Argument to Jury,* Institute of Government, presented at the Conference of Superior Court Judges, Asheville, North Carolina, 22 October 1976.

In defendant's trial, we find

No error.

Judges WEBB and WELLS concur.