STATE OF NORTH CAROLINA v. DIANE WILHELMINA CHERRY

No. 813SC777

(Filed 2 February 1982)

1. Constitutional Law § 33— no ex post facto law or punishment

A defendant convicted of trafficking in heroin by possessing and transporting 4.6 grams of heroin on 3 October 1980 in violation of G.S. 90-95(h)(4) was not the victim of an *ex post facto* law or punishment where the punishment imposed on her was the minimum provided by the statute at the time of the offense, and an amendment to the statute which increased the punishment after the date of the offense was not applied to defendant.

2. Criminal Law § 128.2— denial of mistrial—no abuse of discretion

The trial court did not abuse its discretion in denying defendant's motion for a mistrial when a law officer testified that cigarettes handed to him by defendant "contained marijuana" where (1) an expert chemist subsequently testified without objection that an envelope submitted to him for analysis by the officer contained marijuana, and (2) defendant was charged with trafficking in heroin, not possession of marijuana.

3. Constitutional Law § 67— confidential informant—disclosure of identity not required

The trial court did not err in refusing to order the State to reveal the identity of a confidential informant where the informant did not participate in the particular transaction in question and there was no suggestion that the identity of the informant would have been relevant or helpful to the defense of the accused.

**4. Criminal Law § 96— objection sustained—failure to instruct jury to disregard question**

Although it would be the better practice for trial courts, upon request, to tell jurors to disregard questions and the suggestions in questions to which objections were sustained, the defendant in this case was not prejudiced by the trial court's failure to instruct the jury to disregard a question to which defendant's objection had been sustained when defendant's counsel said, "Request instruction."

APPEAL by defendant from *Brown, Judge.* Judgment entered 4 March 1981 in Superior Court, PITT County. Heard in the Court of Appeals 7 January 1982.

Based upon information received from a confidential informant, Greenville City Police Officers looked for, and found, the defendant Diane Wilhelmina Cherry in a car described by the confidential informant. At that time, three other people were in the car with the defendant. Twenty-three glassline envelopes containing white powder were found under the front seat in which the defendant had been sitting. Thirteen additional envelopes containing white powder were found under the back seat.[1]

Defendant was charged and convicted of feloniously trafficking in heroin. From a verdict of guilty and a judgment imposing "a maximum term of six years" and a fine of $50,000.00, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Robert L. White for defendant appellant.*

BECTON, Judge.

I

[1] Defendant first argues that the trial court should have allowed her motion to dismiss the bill of indictment. Defendant was originally charged in a Magistrate's Order with feloniously possessing with intent to sell and deliver four grams, but less than fourteen grams, of heroin. Defendant was subsequently indicted for feloniously trafficking in heroin by possessing and transporting 4.6 grams of heroin in violation of G.S. 90-95(h)(4).

---

1. No questions concerning the search are raised on this appeal.

The "trafficking" offense carries a greater punishment than the offense with which defendant had been originally charged. Defendant contends that the effective date of G.S. 90-95(h)(4) was 1 March 1981, and that, since she is alleged to have committed the crime charged on 3 October 1980, G.S. 90-95(h)(4) "was *ex post facto* as to her because it expose[d] her to greater punishment and its effective date had not come into being on the date that the crime is alleged to have been committed."

We do not agree. Defendant has misread the applicable statute. As of 3 October 1980, G.S. 90-95(h)(4) provided in pertinent part that

> [a]ny person who sells . . . transports or possesses four grams or more of . . . heroin . . . shall be guilty of a felony which felony shall be known as "trafficking in opium or heroin" and if a quantity . . . involved:
>
> (a) is four grams or more, but less than 14 grams, such person shall, upon conviction, be punished . . . for not less than six years nor more than fifteen years . . . and shall be fined not less than fifty thousand dollars ($50,000.00).

As of the date of defendant's conviction, 4 March 1981, G.S. 90-95(h)(4) had been amended so that the maximum punishment was a minimum sentence of fourteen years. However, the amendment was applicable only to acts committed on or after 15 April 1981. *See* G.S. 90-95(h)(4), Editor's notes. Therefore, defendant was not the victim of any *ex post facto* law or punishment. We also hold that there was no error in superseding the original warrant with the bill of indictment. "The actions of the grand jury are not limited by the charges presented or determined at a probable cause hearing in the district court." *State v. McGee*, 47 N.C. App. 280, 283, 267 S.E. 2d 67, 70, *disc. review denied* 301 N.C. 101, 273 S.E. 2d 306 (1980).

II

[2] Defendant next contends that the trial court erred in denying her motion for a mistrial made when Officer C. E. Weatherington testified, over objection, that the green vegetable material in the cigarettes which the defendant handed to him "contained marijuana." It is not necessary to determine whether Officer

Weatherington's formal training with regard to identifying marijuana or his practical experience which resulted in at least 500 first-hand observations of marijuana were sufficient to qualify him as an expert witness because the standard for mistrials under G.S. 15A-1061 is whether the testimony objected to resulted in "substantial and irreparable" prejudice. There was no prejudice in this case to the defendant since (1) the chemist, N. C. Evans, subsequently testified, without objection, that one of the small envelopes submitted to him for analysis by Weatherington contained marijuana, and (2) defendant was charged with trafficking in heroin, not possession of marijuana. Defendant has failed to show that the trial court abused its discretion in denying her motion for a mistrial. *See State v. Mills*, 39 N.C. App. 47, 249 S.E. 2d 446 (1978), *disc. review denied* 296 N.C. 588, 254 S.E. 2d 33 (1979).

III

[3]  We find no merit in defendant's next contention that the trial court erred in refusing to order the State to reveal the identity of its confidential informant. The right of a defendant to ascertain the name of an informant is discussed in detail in *State v. Ketchie*, 286 N.C. 387, 211 S.E. 2d 207 (1975) and is further codified in G.S. 15A-978(b). Two things are readily apparent from our case law and statutory law: (1) ordinarily, a defendant is not necessarily entitled to elicit the name of a confidential informant; (2) however, when "the disclosure of the informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to fair determination of a cause. . ." disclosure is required. *State v. Moore*, 275 N.C. 141, 154, 166 S.E. 2d 53, 62-3 (1969) *quoting Roviaro v. United States*, 353 U.S. 53, 60-61, 1 L.Ed. 2d 639, 645, 77 S.Ct. 623, 628 (1957). *See also State v. Cameron*, 17 N.C. App. 229, 193 S.E. 2d 485 (1972), *aff'd.* 283 N.C. 191, 195 S.E. 2d 481 (1973); *State v. Johnson*, 13 N.C. App. 323, 185 S.E. 2d 423 (1971), *appeal dismissed* 281 N.C. 761, 191 S.E. 2d 364 (1972).

In the case before us there is no suggestion that the confidential informant participated in the particular transaction in question. There is no suggestion that the identity of the confidential informant would have in any way been relevant or helpful to the defendant. This assignment of error is overruled.

## IV

Defendant also contends that the trial court erred by failing to instruct the jury to disregard a question to which defendant's objection had been sustained.

On cross examination by the district attorney, the following transpired:

Q. And do you know why it is that you have had this reputation all over Greenville for selling dope up and down West Fifth Street?

MR. WHITE: Objection.

THE COURT: Sustained.

MR. WHITE: Request instructions.

THE COURT: Ask your next question.

It would be the better practice for trial courts, upon request, to tell jurors to disregard questions and the suggestions in questions to which objections were sustained. Indeed, as part of its instructions to the jury, either before the evidence or after the evidence, our trial courts may consider giving the following type instruction:

It is the right of counsel to object when testimony or other evidence is offered which he or she believes is not admissible.

When the court sustains an objection to a question, you, the jury, must disregard the question and the answer if one has been given, and draw no inference from the question or answer or speculate as to what the witness would have said if permitted to answer. Evidence stricken from the record must likewise be disregarded. When the Court sustains an objection to any evidence, you, the jury, must disregard such evidence.

When the Court overrules an objection to any evidence, you, the jury, must not give such evidence any more weight than if the objection had not been made.

In this case, however, the trial court's failure to give further elaborating instructions after it had sustained the objection to the

question when defendant's counsel said "Request instructions" was not prejudicial error.

## V

We have considered defendant's remaining assignments of error relating to the trial court's failure (1) to instruct on the meaning of "transporting" and (2) to grant defendant's motion for a directed verdict, to set the verdict aside, and for a new trial. Simply put, we find no error.

In our view, defendant has been accorded a fair trial, free from prejudicial error.

No error.

Judge CLARK and Judge WHICHARD concur.