STATE OF NORTH CAROLINA v. JOSEPH M. BARNEYCASTLE

No. 8227SC558

(Filed 19 April 1983)

1. **Assault and Battery § 11.1— assault with deadly weapon—sufficiency of warrant**

   A warrant was sufficient to charge defendant with the offense of assault with a deadly weapon where it alleged that defendant did unlawfully and willfully assault three named police officers with a deadly weapon, a butcher's knife with an 8-inch blade, by holding them at bay in the process of serving a warrant for his arrest in violation of G.S. 14-33(b)(1).

2. **Assault and Battery § 14.1— assault with a deadly weapon—sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for assault with a deadly weapon where it tended to show that, when officers went to defendant's trailer with a warrant for his arrest, defendant was seated on the steps of the trailer with his hands concealed; as the officers approached defendant and were within 20 feet of him, defendant stood and held within his left hand a butcher's knife with an 8-inch blade extended toward the officers; the officers stepped back and drew their revolvers; as defendant held the knife extended toward the officers, he backed into the doorway of the trailer and threatened to kill the officers if they came up to the trailer; and each time the officers attempted to advance toward defendant, defendant caused them to retreat by advancing toward them with the knife.

3. **Criminal Law § 163.4— broadside exception to the charge**

   Defendant's exception at the conclusion of the charge and his assignment of error stating that "the court committed error in its charge to the jury" con-

State v. Barneycastle

stituted a broadside attack upon the jury instructions and were ineffective to preserve any particular portion of the instructions for review.

4. **Assault and Battery § 16.1— assault with a deadly weapon—failure to submit simple assault**

    The trial court in a prosecution for assault with a deadly weapon was not required to charge the jury upon the lesser included offense of simple assault where the State's evidence tended to show that defendant drew a knife with an 8-inch blade on three officers, held it extended toward them, threatened to kill them if they came up to his trailer, and advanced toward them with the knife, causing them to retreat, and where defendant contended that he never threatened the officers in any fashion.

APPEAL by defendant from *Owens, Judge.* Judgment entered 22 January 1982 in Superior Court, GASTON County. Heard in the Court of Appeals 6 December 1982.

Defendant was charged in a warrant drawn under G.S. 14-33(b)(1), with assaulting Officers W. C. Durst, C. D. Cloninger, and G. A. Clemmer with a deadly weapon, a butcher's knife with an 8-inch blade, by holding them at bay in the process of serving a warrant for his arrest. Defendant was originally tried in district court upon a plea of not guilty and found guilty of assault with a deadly weapon.

Defendant appealed to superior court where the State offered evidence which tended to show the following: On 4 August 1981 Officers W. C. Durst, Gary Alan Clemmer, and C. D. Cloninger of the Gaston County Police Department went to Carpenter's Trailer Park in Dallas, North Carolina to arrest defendant on a warrant charging him with assault on a female. Defendant's wife, Debra Barneycastle, had earlier called for the police, advising them that she and her husband had been fighting all that day. Upon arriving, the officers observed defendant seated on the steps of the trailer with his hands concealed. As they approached the defendant and were within 20 feet of him the officers identified themselves. Officer Clemmer advised defendant he had in his possession a warrant charging him with assault on a female and that he was under arrest. Officer Clemmer further advised defendant to stand so they could see his hands. As defendant stood, he held a butcher's knife with an 8-inch blade in his left hand which he pointed toward the officers. The officers stepped back and drew their service revolvers. As the defendant held the knife extended toward the officers, he backed into the doorway of

the trailer and stated, "I'll kill you sons-of-bitches if you come up here." The officers advanced toward defendant several times but had to retreat each time they reached the top step as the defendant would advance toward them with the knife. While advancing toward the officers, defendant stated that it would take ten officers to take him in. Defendant's wife was permitted to enter the trailer to talk to him. On entering the trailer, she grabbed the knife and commenced to struggle with defendant in an effort to disarm him. The officers rushed in and subdued the defendant.

Defendant offered evidence which tended to show that when the officers reached the steps to arrest him, he stood up, placed the knife to his own neck and then to his wrist, backed into the trailer and said, "I'm not going to go until I talk with my wife. If I don't I'll kill myself." Defendant further testified that after his wife entered the trailer and talked with him, he gave her the knife and peacefully surrendered to the officers and that he never threatened the officers.

The jury found defendant guilty of assault with a deadly weapon and from a judgment imposing an active sentence of 18 months, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Malcolm B. McSpadden, Assistant Public Defender, for defendant appellant.*

JOHNSON, Judge.

[1] By his first assignment of error defendant contends the trial court erred in denial of his pre-trial motion to dismiss the charge on the ground that the pleadings in the warrant are not sufficient to charge defendant with the offense of assault with a deadly weapon in the manner required by G.S. 15A-924(a)(5). We do not agree.

Together, G.S. 15A-924(e) and 15A-954(a)(10) provide that on motion of the defendant the court must dismiss the charges stated in a criminal pleading if the pleading fails to charge the defendant with a crime in the manner required by G.S. 15A-924(a), unless the failure is with regard to a matter as to which an

amendment is allowed. As a general rule a warrant following substantially the words of the statute is sufficient when it charges the essentials of the offense in a plain, intelligible, and explicit manner. If, however, the statutory language fails to set forth the essentials of the offense, then the statutory language must be supplemented by other allegations which plainly, intelligibly, and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the defendant and the court as to the offense intended to be charged. *State v. Palmer*, 293 N.C. 633, 239 S.E. 2d 406 (1977); *State v. Loesch*, 237 N.C. 611, 75 S.E. 2d 654 (1953).

The statute under which defendant is charged, G.S. 14-33(b)(1), states:

Unless his conduct is covered under some other provision of law providing greater punishment, any person who commits any assault, assault and battery, or affray is guilty of a misdemeanor punishable by a fine, imprisonment for not more than two years, or both such fine and imprisonment if, in the course of the assault, assault and battery, or affray he: (1) Inflicts, or attempts to inflict, serious injury upon another person or uses a deadly weapon.

The warrant in question charges defendant as follows: ·

The undersigned finds that there is probable cause to believe that on or about the 4th day of Aug., 1981, in the county named above, the defendant named above did unlawfully and willfully assault officers W. C. Durst, C. D. Cloninger, and G. A. Clemmer with a deadly weapon, a Butcher's Knife with an 8-inch Blade by holding them at bay in the process of serving a warrant for his arrest in violation of G.S. 14-33(b)(1).

G.S. 15A-924(a)(5) provides that a criminal pleading must contain:

A plain and concise factual statement in each count which without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

The essential elements of the offense of assault with a deadly weapon under G.S. 14-33(b)(1) are (1) the assault of an individual,

(2) by the use of a deadly weapon. The warrant in question is couched in the language of the statute and contains a plain and concise factual statement supporting sufficiently the elements of the offense with precision to clearly inform defendant of the accusation as required by G.S. 15A-924(a)(5). The warrant specifically states the names of the victims, describes a weapon, and the circumstances of the weapon's use which show its character as a deadly weapon, as required by the case law. *State v. Palmer, supra; State v. Wiggs,* 269 N.C. 507, 153 S.E. 2d 84 (1967). Therefore, defendant's first assignment of error is without merit.

[2] Defendant next assigns as error the denial of his motion for nonsuit made at the close of the evidence.

Upon a defendant's motion for judgment of nonsuit in a criminal action, all admitted evidence, whether competent or incompetent evidence must be considered in the light most favorable to the State, and giving the State every reasonable inference fairly deducible therefrom. *State v. Bell,* 285 N.C. 746, 208 S.E. 2d 506 (1974); *State v. Copeland,* 11 N.C. App. 516, 181 S.E. 2d 722, *cert. den.* 279 N.C. 512, 183 S.E. 2d 688 (1971). The question for the trial court is whether there is substantial evidence of each essential element of the offense charged, or of a lesser offense included therein, and of the defendant's being the perpetrator of such offense; if so, the motion is properly denied. *State v. Copeland, supra.*

The evidence showed that defendant was seated on the steps with his hands concealed. As the three officers approached defendant and were within 20 feet of him, defendant stood and held within his left hand a butcher's knife with an 8-inch blade extended toward the officers. The officers stepped back and drew their service revolvers. As defendant held the knife extended toward the officers he backed into the doorway of the trailer and stated, "I'll kill you sons-of-bitches if you come up here." The officers attempted to advance toward defendant several times. Each time the officers reached the top step, defendant caused them to retreat by advancing toward them with the knife.

The foregoing evidence was sufficient to take the case to the jury on the charge of assault with a deadly weapon either by an overt act on the part of the defendant evidencing an intentional offer to do injury to the persons of the officers or by the "show of

violence" on the part of the defendant sufficient to cause a reasonable apprehension of immediate bodily harm on the part of the officers which caused them to engage in a course of conduct they would not otherwise have followed. *State v. Douglas*, 268 N.C. 267, 150 S.E. 2d 412 (1966); *State v. O'Briant*, 43 N.C. App. 341, 258 S.E. 2d 839 (1979). Therefore, defendant's motion for non-suit was properly denied.

[3] Defendant next argues that the court committed reversible error by including in its charge to the jury facts not supported by the evidence. However, defendant has failed to properly identify the portion of the instructions in question by setting it within brackets or by any other clear means of reference as required by Rule 10(b)(2) of the Rules of Appellate Procedure.

Failure to observe the rules only increases the burden of this Court in its review of cases. The difficulty presented by defendant's failure to properly set off the particular portion of the charge to which he takes exception by brackets is compounded by the fact that defendant's "EXCEPTION NO. 4" is located at the very conclusion of the court's entire charge and the assignment of error based upon this exception states merely that "the court committed error in its charge to the jury."

We find defendant's exception and assignment of error, thus presented, to be a broadside attack upon the jury instructions as a whole, and ineffective to preserve any particular portion of the instruction for review. *State v. Snyder*, 31 N.C. App. 745, 230 S.E. 2d 599 (1976), *disc. rev. denied*, 292 N.C. 268, 233 S.E. 2d 395 (1977). Our review of the charge as a whole, taking due regard to that portion to which defendant refers in his brief, discloses no error prejudicial to the defendant.

[4] Defendant next contends the trial court erred in failing to submit to the jury the charge of simple assault as a lesser included offense of assault with a deadly weapon.

It is well established that the trial court is not required to charge the jury upon the question of defendant's guilt of a lesser degree of the crime charged where there is no evidence to sustain a verdict of defendant's guilt of such lesser degree. *State v. Green*, 246 N.C. 717, 100 S.E. 2d 52 (1957); *State v. Cox*, 11 N.C. App. 377, 181 S.E. 2d 205 (1971).

All of the State's evidence tended to show that the defendant drew a knife with an 8-inch blade on the officers, held it extended toward them, threatened to kill them if they came up to the trailer, and advanced toward the officers with the knife, causing them to retreat. The defendant, on the other hand, contended that he never threatened the officers in any fashion.

There is no evidence tending to support a contention that the defendant, if not guilty of the crime charged (assault with a deadly weapon), is guilty of the lesser crime of simple assault. The evidence necessarily restricted the jury to return one of two possible verdicts, guilty of assault with a deadly weapon as charged or not guilty. Therefore, the trial court was correct in failing to submit the charge of simple assault to the jury.

We have reviewed the entire record and find that defendant's trial was free from prejudicial error.

No error.

Judges ARNOLD and BRASWELL concur.