STATE OF NORTH CAROLINA v. EUGENE SUDELL WILLIS

No. 8310SC223

(Filed 20 March 1984)

**1. Criminal Law § 173— defendant "opening the door" to admission of evidence**
    Testimony by one of the arresting officers that he had personally seen defendant selling heroin and testimony by a witness that he did not like defendant because of defendant's involvement in heroin traffic was properly admitted after defendant had "opened the door" by eliciting the officer's admission that he had never seen defendant *buy* heroin, and after defendant "opened the door" by eliciting testimony from the officer that he did not like the defendant and suggesting some sort of "personal vendetta."

**2. Narcotics § 2— indictment charging possession of heroin—no fatal variance**
    There was no fatal variance in an indictment which charged possession of "four grams or more, but less than 14 grams of heroin, a controlled substance included in Schedule 1 of the North Carolina Controlled Substance Act," but did not recite the statute number G.S. 90-95(h)(4), or name the offense as traf-

ficking since G.S. 15A-924(a)(6) clearly mandates that such an omission does not constitute grounds for reversal of a conviction.

3. **Constitutional Law § 67— exclusion of questions leading to identity of inform-ant—no error**

In a prosecution for trafficking in heroin, the trial court properly ex-cluded, at a suppression hearing, questions about the specific time the inform-ant had seen defendant with heroin since defendant was not entitled to know the identity of the informant and there was independent corroboration of the testimony of the chief witness, G.S. 15A-978(b)(2), and since revealing the exact time when the informant had seen the defendant with heroin would tend to reveal his identity and expose him to reprisal. Further, defendant failed to carry his burden of showing prejudice. G.S. 15A-1443(a).

APPEAL by defendant from *Brewer, Judge.* Judgment entered 1 October 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 26 October 1983.

Defendant was convicted of trafficking in heroin. The State's evidence tended to show: A proven reliable informant came to police headquarters and told officers that defendant was "fixing to leave" a restaurant to make a delivery of heroin. They im-mediately proceeded to the restaurant, arriving there about five minutes later. The officers found the defendant, who was known to them, standing in the open driver's side door of his wife's car and ordered him to freeze. The officers saw him throw a foil-wrapped packet into the back seat and they immediately arrested defendant and seized the packet. A search of defendant's person revealed another similar packet. The two packets contained about seven grams of a mixture of heroin and quinine.

Defendant testified, and denied possession of any heroin. He also denied any involvement in drug dealing. His evidence on cross-examination tended to show that he was the victim of ma-licious police behavior, including the theft of certain valuables from his wife's car at the time of his arrest.

*Attorney General Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*Ralph McDonald, for defendant appellant.*

JOHNSON, Judge.

[1] Defendant contends that the court erred in admitting evi-dence that he had been involved in other independent narcotics-

related offenses. The court overruled defendant's objection to testimony by one of the arresting officers that he had personally seen defendant selling heroin. This testimony came, however, after defendant had "opened the door" by eliciting the officer's admission that he had never seen defendant *buy* heroin. A similar situation arose with respect to polygraph evidence in *State v. Small*, 301 N.C. 407, 436, 272 S.E. 2d 128, 145-46 (1980):

> Evidence which might not otherwise be admissible against a defendant may become admissible to explain or rebut other evidence put in by the defendant himself. *State v. Black*, 230 N.C. 448, 53 S.E. 2d 443 (1949); *see also State v. Patterson, supra*, 284 N.C. 190, 200 S.E. 2d 16. Here on direct examination defendant testified in such a way as to leave the false impression that the state had refused to accept his offer to submit a polygraph examination. It was proper for the state, therefore on cross-examination to show that, in fact, defendant had been given a polygraph. The state was not, however, required to stop there. Had it done so the jury might have been left with the impression that the state, bearing the burden of proof, did not offer the results of the polygraph because they were unfavorable to it. Both the state and defendant are entitled to a fair trial. Defendant by first injecting the subject of the polygraph into the trial in a manner designed to mislead the jury invited the very cross-examination of which he now complains. His assignments of error directed to this cross-examination are for this additional reason overruled.

Here, defendant attempted to show that he was an innocent victim of conspiratorial police officers who had no reason, other than personal ill-will, to suspect him of drug dealing. The testimony complained of was in direct response to this evidence; therefore, its admission was not error.

The court also allowed the same witness to testify on redirect that he did not like defendant because of defendant's involvement in heroin traffic. Defendant contends that this was prejudicial error. Again, the record shows that defendant "opened the door" by eliciting testimony calculated to show bias and discredit the officer's substantive testimony. He got the officer to admit he did not like the defendant and suggested some sort of

"personal vendetta." Therefore, the State could properly inquire into the reason for this dislike on redirect.

> "A party cannot be allowed to impeach a witness on the cross-examination by calling out evidence culpatory of himself and there stop, leaving the opposing party without opportunity to have the witness explain his conduct, and thus place it in an unobjectionable light if he can. In such case the opposing party has the right to such explanation, even though it may affect adversely the party who cross-examined. Upon the examination in chief, the evidence may not be competent, but the cross-examination may make it so."

*State v. Patterson,* 284 N.C. 190, 196, 200 S.E. 2d 16, 20 (1973), *quoting State v. Glenn,* 95 N.C. 677, 679 (1886), *see also State v. Cates,* 293 N.C. 462, 238 S.E. 2d 465 (1977) (fear explained by assault). We hold that defendant, by thus attempting to discredit the officer's testimony, made the witness' explanation admissible.

Defendant also objects to the court's failure to give cautionary instructions after a second witness gave a similar explanation of his dislike. The court stated, "I will allow a motion to strike," but defendant made none. Even assuming that a motion to strike was not required, defendant failed to request the appropriate instruction and thus his assignment must be overruled. *State v. See,* 301 N.C. 388, 271 S.E. 2d 282 (1980).

[2]  The indictment charged possession of "four grams or more, but less than fourteen grams of heroin, a controlled substance included in Schedule I of the North Carolina Controlled Substance Act." It did not recite the statute number, G.S. 90-95(h)(4), or name the offense, trafficking. Defendant alleges that this constitutes a fatal variance. However, G.S. 15A-924(a)(6) clearly mandates that such an omission does not constitute grounds for reversal of a conviction. The pleading sufficiently alleged the essential elements of the crime and the other matters required by the statute. G.S. 15A-924(a); *State v. Barneycastle,* 61 N.C. App. 694, 301 S.E. 2d 711 (1983). Nothing in the record suggests defendant was misled in any way. In fact, in one of his pre-trial motions defendant acknowledged that he was charged with trafficking. Although the better practice is to allege both the specific offense and the statute number, the error in this case did not prejudice the defendant.

[3] Defendant contends that the court erred in excluding, at a suppression hearing, questions about the specific time the informant had seen him with the heroin. However, defendant was not entitled to know the identity of the informant, since there was independent corroboration of the testimony of the chief witness. G.S. 15A-978(b)(2); *State v. Bunn*, 36 N.C. App. 114, 243 S.E. 2d 189, *cert. denied*, 295 N.C. 261, 245 S.E. 2d 778 (1978). In addition, as the court pointed out in ruling on the questions, revealing the exact time when the informant had seen the defendant with heroin would tend to reveal his identity and expose him to reprisal. It is apparent that the informant had left the scene shortly before; he came running into the police office and announced that defendant "was fixing to leave," and that officers had better hurry up if they "wanted" defendant. Fixing the *exact* time of his presence would add nothing to this testimony. Thus, the trial judge properly excluded the evidence in the exercise of his duty to control the conduct and course of the trial. *See State v. Covington*, 290 N.C. 313, 334, 226 S.E. 2d 629, 644 (1976); 1 Brandis, N.C. Evidence, § 25 (1982). Under the circumstances of the case, then, we hold that the court did not abuse its discretion in sustaining objections to the questions. Assuming, *arguendo*, that the ruling was in error, we also hold that defendant has failed to carry his burden of showing prejudice. G.S. 15A-1443(a). He has not shown, nor does the record suggest, that the informant participated in any transaction or how revealing the exact time of the informant's presence would be relevant or help his defense. *See State v. Cherry*, 55 N.C. App. 603, 286 S.E. 2d 368, *disc. rev. denied*, 305 N.C. 589, 292 S.E. 2d 572 (1982).

Finally, defendant assigns as error the accumulation of the foregoing alleged errors. Because of our disposition of them, this assignment is meritless. We conclude that defendant received a fair trial, free of prejudicial error.

No error.

Chief Judge VAUGHN and Judge WELLS concur.