STATE OF NORTH CAROLINA v. RALPH CAMP

No. 8229SC34

(Filed 5 October 1982)

**1. Telecommunications § 5— harassing telephone calls—sufficiency of warrant**

   A warrant charging that defendant did "on more than 500 times call the Polk County Jail and the Polk County Sheriff's Department and . . . misused the telephone to abuse, annoy, threaten, embarrass or harass employees at the above office by means of repeated calls to that number" sufficiently charged defendant with making harassing telephone calls to "another" in violation of G.S. 14-196(a)(3).

**2. Constitutional Law § 18; Telecommunications § 5— repeated harassing telephone calls—constitutionality of statute prohibiting**

   The statute making it unlawful to telephone another repeatedly "for the purpose of abusing, annoying, threatening, terrifying, harassing or embarrassing any person at the called number," G.S. 14-196(3), is not unconstitutionally overbroad or vague and did not prohibit constitutionally protected speech when applied to a defendant who made over 500 telephone calls to the sheriff's

department during a two-month period in which he cursed all of the deputies, said that if the deputies came to arrest him he was going to kill or shoot them, said he was going to shoot the blue lights off the patrol cars, and called the sheriff and deputies names.

3. **Telecommunications § 5— repeated annoying or harassing calls — sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of making repeated annoying or harassing telephone calls in violation of G.S. 14-196(a)(3) where it tended to show that defendant made over 500 calls to the sheriff's department during a two-month period in which he cursed all the deputies, said that if the deputies came to arrest him he was going to kill or shoot them, said he was going to shoot the blue lights off the patrol cars, and called the sheriff and deputies names; defendant was told to stop calling because he was tying up the sheriff's department lines and that a warrant would be issued if he did not stop calling; and despite these warnings, defendant continued making the same type of telephone calls to the sheriff's department.

4. **Criminal Law § 143.6— revocation of suspended sentence — violation of condition without breach of law**

Where the State's evidence revealed that defendant violated a condition of his suspended sentence that he not "communicate with the Polk County Sheriff's Department by phone without justifiable reason," the court could revoke defendant's suspended sentence regardless of whether it was determined that defendant had made repeated annoying or harassing telephone calls to the sheriff's department in violation of G.S. 14-196(a)(3).

APPEAL by defendant from *Owens, Judge.* Judgment entered 13 August 1981 in Superior Court, POLK County. Heard in the Court of Appeals 1 September 1982.

On 8 January 1981, in case 81CR26, a warrant for arrest was issued in the Polk County District Court charging the defendant with misusing the telephone in violation of G.S. 14-196. The warrant for defendant's arrest was based upon defendant's having made over five hundred telephone calls to the Polk County Sheriff's Department from November 1980 to 8 January 1981. During these calls, defendant cursed all the deputies, said that if the deputies came to arrest him he was going to kill or shoot them, said he was going to shoot the blue lights off the car, called the deputies and sheriff names, and used curse words. One employee answering the phone asked defendant to stop calling and warned that if defendant did not stop calling, he would have a warrant issued and served on defendant. Defendant told the employee to go ahead and do it. Another employee told defendant

he needed to get off the line because someone might have an emergency and need to call in. The employee hung up but defendant called back immediately.

After pleading not guilty to the charge of misusing the telephone, defendant was convicted in the Polk County District Court on 18 February 1981 and appealed from that conviction to superior court. Also on 18 February 1981 in Polk County District Court, defendant's suspended sentence was revoked in case 80CR1200. In that case, defendant had been convicted on 23 July 1980 in the Polk County District Court of aiding and abetting the unlawful sale of beer and had received a suspended sentence for five years upon the following condition, among others: defendant was ordered "not to communicate with the Polk County Sheriff's Department by phone without justifiable reason." Because defendant had violated this condition, the suspended sentence was revoked, and defendant appealed this revocation to superior court.

Defendant was tried for misuse of the telephone at the August 1981 Session of Polk County Superior Court and moved at the close of the evidence that the charges against him be dismissed on the ground that G.S. 14-196 is unconstitutional. This motion was denied. Only the charge of violation of G.S. 14-196(a)(3) was submitted to the jury. The jury returned a verdict of guilty, and judgment was entered sentencing defendant to imprisonment for a minimum and maximum of twelve months. The court also revoked defendant's suspended sentence in case 80CR1200, because defendant had violated the condition that he telephone the Polk County Sheriff's Department for only a justifiable reason. Thus, defendant was sentenced to imprisonment for a minimum and maximum of twelve months to run at the expiration of the sentence in case 80CR1200. Defendant gave notice of appeal from both these judgments.

*Attorney General Edmisten, by Assistant Attorney General Tiare B. Smiley, for the state.*

*Susan S. Craven for defendant appellant.*

MORRIS, Chief Judge.

[1] Defendant alleges in his first assignment of error that the warrant charged him with committing acts that did not violate G.S. 14-196(a)(3) which states:

> It shall be unlawful for any person to telephone another repeatedly, whether or not conversation ensues, for the purpose of abusing, annoying, threatening, terrifying or embarrassing any person at the called number.

G.S. 14-196(a)(3). Defendant contends that G.S. 14-196(a)(3) makes it illegal to telephone "another" and that "another" refers to "another person". Defendant argues he was charged with calling the Polk County Sheriff's Department which is not a person and, therefore, G.S. 14-196(a)(3) was not violated. We do not agree. The warrant specifically charged defendant with calling employees of the Polk County Sheriff's Department and Polk County jail. The warrant issued for defendant's arrest stated that "on or about the 8 day of January, 1981, in the county named above [Polk], the defendant named above [Ralph Camp] did unlawfully, willfully, and . . . for at least two months the defendant did, on more than five hundred times call the Polk County Jail and the Polk County Sheriff's Department and . . . misuse the telephone to abuse, annoy, threaten, embarrass or harass employees at the above office by means of repeated calls to that number." The fact that defendant called more than one employee does not make the statute inapplicable, because G.S. 12-3(1) provides that "Every word importing the singular number only shall extend and be applied to several persons or things, as well as to one person or thing; . . . " Therefore, defendant was charged with acts which, at the time they were committed, violated G.S. 14-196(a)(3).

Defendant further contends that the warrant failed to state every essential element of a G.S. 14-196(a)(3) violation as required by G.S. 15A-924(a)(5). The warrant must contain "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." G.S. 15A-924(a)(5). A warrant must also " 'allege lucidly and accurately all the essential elements of the offense endeavored to be charged' in order that

the defendant may be duly informed of the charges against him, protected from double jeopardy, and able to prepare for trial, and that the trial court may be able to pronounce an appropriate sentence upon a conviction or plea." *State v. Palmer*, 293 N.C. 633, 639, 239 S.E. 2d 406, 410 (1977).

The essential elements of a G.S. 14-196(a)(3) violation are (1) repeatedly telephoning another person, (2) with the intent or purpose of abusing, annoying, threatening, terrifying, harassing or embarrassing any person at the called number. Both of these elements are set forth in the warrant with sufficient clarity and with supporting facts so that defendant was adequately informed of the charges against him. This assignment of error is overruled.

[2] Defendant next assigns error to the trial court's failure to dismiss the charges against him for the reason that G.S. 14-196 is unconstitutional. While the court in *Radford v. Webb*, 446 F. Supp. 608 (W.D.N.C. 1978), *aff'd.* 596 F. 2d 1205 (4th Cir. 1979), held the first two subdivisions of G.S. 14-196(a) unconstitutional because they prohibited speech that was constitutionally protected, it did not address the constitutionality of subdivisions (3), (4) or (5) of G.S. 14-196(a).

We believe that because G.S. 14-196(a)(3) prohibits conduct rather than speech, it survives constitutional challenge. The court in *Baker v. State*, 16 Ariz. App. 463, 494 P. 2d 68 (1972), reached the same conclusion: that statutes prohibiting annoying telephoning were directed at the conduct of using telephones to annoy, offend, terrify or harass others and not directed at prohibiting the communication of thoughts or ideas.

The court in *People v. Smith*, 89 Misc. 2d 789, 392 N.Y. 2d 968, *cert. den.* 434 U.S. 920, 98 S.Ct. 393, 54 L.Ed. 2d 276 (1977), considered the constitutionality of an annoying telephoning statute similar to G.S. 14-196(a)(3). In *People v. Smith*, supra, defendant telephoned the police department concerning a complaint 27 times during a period of three hours and 20 minutes. Defendant continued calling even though he was informed the matter was civil and not criminal and even though he was told numerous times not to call again because he was tying up the police telephone lines. The court determined the impropriety was in defendant's repetitious telephoning, rather than defendant's complaint.

Defendant in this case was also told to stop calling because he was tying up the sheriff's department lines and, in addition, that a warrant would be issued if he didn't stop calling. Despite the warnings, defendant continued telephoning the sheriff's department, threatening to shoot the blue lights off patrol cars, calling the deputies and sheriff names, using curse words, etc. We disagree with defendant's contention that these calls are protected speech because they resulted from the exercise of his right as an American to criticize public men and measures. The content and number of telephone calls defendant placed support the conclusion that defendant intended to annoy, harass, and threaten employees of the Polk County Sheriff's Department. This conduct is not protected by the First Amendment and, therefore, G.S. 14-196(a)(3) which prohibits such unprotected conduct is not unconstitutionally overbroad.

Defendant's argument that G.S. 14-196(a)(3) is unconstitutionally vague is also without merit because the statute adequately warns of the activity it prohibits. Defendant's conduct clearly falls within the purview of the statute and thus, he may not successfully challenge it for vagueness. See: *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed. 2d 439 (1974); *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed. 2d 830 (1973).

[3] By his fifth assignment of error defendant contends that the evidence was insufficient as a matter of law to convict him of a violation of G.S. 14-196(a)(3). When reviewing the sufficiency of the evidence upon appeal, we must consider the evidence in the light most favorable to the state. *State v. McKinney*, 288 N.C. 113, 117, 215 S.E. 2d 578, 581 (1975). The state presented sufficient evidence concerning the number and nature of the telephone calls made by defendant from which the jury could find defendant intended to abuse, annoy, threaten, harass or embarrass Polk County Sheriff's Department employees. There is, therefore, no merit to defendant's argument that the evidence was insufficient as a matter of law to convict him.

[4] Defendant argues in his sixth assignment of error that the revocation of his suspended sentence in case 80CR1200 was invalid in that his conviction of violating G.S. 14-196(a)(3) in case 81CR26 was invalid.

One of the conditions of defendant's suspended sentence in case 80CR1200 was that he not "communicate with the Polk County Sheriff's Department by phone without justifiable reason." The state's evidence revealed defendant violated this condition of his suspended sentence. Therefore, the court could revoke defendant's sentence regardless of whether it was determined that defendant had violated G.S. 14-196(a)(3). The only requirement for the revocation of a suspended sentence is that the evidence "reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." *State v. Duncan*, 270 N.C. 241, 245, 154 S.E. 2d 53, 57 (1967). This assignment of error is also overruled.

Defendant received a fair trial free from prejudicial error.

No error.

Judges WEBB and WHICHARD concur.