State v. Boone

Affirmed.

Judges WELLS and MARTIN concur.

=====

STATE OF NORTH CAROLINA v. SIMON DAVID BOONE

No. 853SC1123

(Filed 18 March 1986)

1. **Telecommunications § 5— obscene phone calls—contents of calls—admissibility of evidence**

In a prosecution of defendant for making harassing, embarrassing and annoying telephone calls, the trial court did not err in allowing witnesses to testify about the actual contents of the telephone calls, though the obscene statements attributed to defendant might have been prejudicial to defendant, since the contents of the statements were relevant to show whether the intent of the calls was to abuse, annoy, threaten, terrify, harass or embarrass the victims of the calls.

2. **Telecommunications § 5; Criminal Law § 162— number of obscene phone calls —failure to object to similar evidence**

In a prosecution of defendant for making harassing, embarrassing and annoying telephone calls, defendant could not complain that the trial court admitted testimony regarding the total number of telephone calls made from defendant's telephone, since defendant failed to object when similar evidence was admitted.

3. **Telecommunications § 5— repeatedly making obscene phone calls—interpretation of "repeatedly"**

In a prosecution of defendant for making harassing, embarrassing and annoying telephone calls in violation of N.C.G.S. § 14-196(a)(3), there was no merit to defendant's contention that the statute required more than one call during a particular day, since the statute proscribes making such calls "repeatedly," but that term does not ordinarily connote a recurrence within a twenty-four hour period.

4. **Telecommunications § 5— making obscene phone calls—no variance between warrants and proof**

There was no variance between the warrants alleging repeated annoying calls to a named victim on given dates and evidence that defendant made more than one call to the victim's apartment on those dates, although the victim did not answer more than one call on each date, since N.C.G.S. § 14-196(a)(3) makes it unlawful for a person to "telephone another repeatedly, whether or not conversation ensues," for the purpose of ". . . harassing . . . any person at the called number."

APPEAL by defendant from *Barefoot, Judge*. Judgments entered 27 March 1985 in Superior Court, PITT County. Heard in the Court of Appeals 10 March 1986.

Defendant, a self-proclaimed preacher, was convicted of six counts of making harassing, embarrassing and annoying telephone calls in violation of G.S. 14-196(a)(3). The State presented evidence tending to show that several female students at East Carolina University who rented an apartment together received hundreds of telephone calls from defendant from January of 1984 through 16 August 1984. A Police Information Network (PIN) register placed on defendant's phone under a court order indicated that on March 20, March 29, March 30, April 4, April 5, and April 11 over 50 calls were made from defendant's residence to the students' apartment. From judgments sentencing defendant to two consecutive two year active prison terms and one concurrent two year active prison term, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Wilson Hayman, for the State.*

*Assistant Appellate Defender Gordon · Widenhouse for defendant, appellant.*

HEDRICK, Chief Judge.

[1] By his first assignment of error defendant contends the trial court erred in denying his motion in limine to exclude the actual contents of the obscene statements attributed to defendant. Defendant argues that the statements should have been excluded under G.S. 8C-1, Rule 403 because the statements' "probative value is substantially outweighed by the danger of unfair prejudice. . . ." G.S. 8C-1, Rule 403.

The essential elements of a G.S. 14-196(a)(3) violation are "(1) repeatedly telephoning another person, (2) with the intent or purpose of abusing, annoying, threatening, terrifying, harassing or embarrassing any person at the called number." *State v. Camp*, 59 N.C. App. 38, 42, 295 S.E. 2d 766, 768 (1982). The actual contents of the statements attributed to defendant are relevant to show whether the intent of the telephone calls was to abuse, annoy, threaten, terrify, harass or embarrass the victims of the calls. "Relevant evidence will not be excluded simply because it

may tend to prejudice the opponent or excite sympathy for the cause of the party who offers it." 1 H. Brandis, *Brandis on North Carolina Evidence* Sec. 80 (2d ed. 1982). We hold that the trial court did not err in allowing witnesses to testify about the actual contents of the annoying telephone calls.

[2] By his next assignment of error brought forward on appeal defendant contends the trial court committed reversible error in admitting testimony regarding the total number of telephone calls made from defendant's telephone. Defendant made a general objection to three questions concerning the total number of telephone calls made from defendant's telephone during particular periods of time. Prior to these objections, defendant allowed Detective Wetherington to testify to the total number of telephone calls made from defendant's telephone at two other times. Defendant also failed to object when the PIN register tapes documenting each call made from defendant's telephone were passed to the jury. "[W]here evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost." *State v. Murray*, 310 N.C. 541, 551, 313 S.E. 2d 523, 530 (1984). Defendant's assignment of error is overruled.

By his fourth assignment of error defendant contends the trial court erred in admitting testimony regarding prior obscene telephone calls made by defendant. Assuming without deciding that the evidence of prior obscene telephone calls was inadmissible under G.S. 8C-1, Rule 404(b), the admission of the evidence was not prejudicial in the light of the overwhelming evidence of defendant's guilt. *See State v. Hudson*, 281 N.C. 100, 187 S.E. 2d 756 (1972), *cert. denied*, 414 U.S. 1160, 94 S.Ct. 920, 39 L.Ed. 2d 112 (1974).

By his final assignment of error, defendant urges us to dismiss the 29 March 1984 and 5 April 1984 counts because the arrest warrants charged repeated calls to Susan Byrd on or about these dates while the evidence adduced at trial indicates that Susan Byrd answered only one call from defendant on each of these dates. Defendant argues G.S. 14-196(a)(3) requires more than one call during a particular day and that the variance between the warrants and the evidence is fatal. We address defendant's contentions seriatim.

[3] First, G.S. 14-196(a)(3) does not require more than one abusing, annoying, threatening, terrifying, harassing or embarrassing telephone call per day. The statute prescribes making such calls "repeatedly." Unless the contrary appears, it is presumed that the Legislature intended the words of the statute to be given the meaning which they had in ordinary speech at the time the statute was enacted. *Transportation Service v. County of Robeson*, 283 N.C. 494, 196 S.E. 2d 770 (1973). Repeatedly is the adverbial form of the term repeated meaning "renewed or recurring again and again." Webster's Seventh New Collegiate Dictionary. The term repeatedly does not ordinarily connote a recurrence within a twenty-four hour period.

[4] Defendant's contention that a fatal variance between the warrant and the evidence is also without merit. The warrants cover repeated calls to Susan Byrd on or about 29 March 1984 and on or about 5 April 1984. The evidence from the PIN register indicates defendant made more than one call to Susan Byrd's apartment on these dates although Ms. Byrd did not answer more than one call on each date. G.S. 14-196(a)(3) makes it unlawful for any person to "telephone another repeatedly, *whether or not conversation ensues*, for the purpose of abusing, annoying, threatening, terrifying, harassing or embarrassing any person at the called number." G.S. 14-196(a)(3) (emphasis added). The State's evidence supports a finding that defendant called Ms. Byrd's apartment repeatedly on the dates in question with the intent to harass. Defendant's assignment of error is overruled.

For the reasons stated above we find defendant had a fair trial free from prejudicial error.

No prejudicial error.

Judges WELLS and MARTIN concur.