**STATE v. LINEBERGER**

[115 N.C. App. 687 (1994)]

STATE OF NORTH CAROLINA v. RODNEY RENAA LINEBERGER

No. 9326SC932

(Filed 2 August 1994)

### Assault and Battery § 77 (NCI4th)— jury instruction—failure to define assault—new trial

Defendant is entitled to a new trial in a prosecution for assault on a police officer and obstruction of an officer where the trial court failed to provide the jury with the definition of assault.

**Am Jur 2d, Assault and Battery §§ 13 et seq., 48 et seq.**

Appeal by defendant from judgments entered 18 May 1993 by Judge Forrest A. Ferrell in Mecklenburg County Superior Court. Heard in the Court of Appeals 6 June 1994.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Grayson G. Kelley, for the State.*

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by S. Luke Largess, for defendant-appellant.*

JOHNSON, Judge.

This action arises out of an incident which occurred on 25 September 1992 on the mall area near the NationsBank Plaza in Charlotte, North Carolina. Defendant Rodney Renaa Lineberger was originally tried in the District Court of Mecklenburg County on 10 November 1992 and was convicted on counts of assault on an officer, and resist, delay and obstruction of an officer. Defendant appealed to superior court.

State's evidence presented at trial tended to show the following: Officer M. C. Hurley of the Charlotte Police Department testified that on 25 September 1992 he was employed in an off-duty capacity to assist in maintaining security on the mall area near the NationsBank Plaza; that he saw defendant talking to the plaza concierge, Elizabeth Edwards; that he approached defendant and "asked him to leave the [concierge] alone" and to leave the premises; that defendant stood there and told Officer Hurley that Officer Hurley was interrupting his conversation; and that Officer Hurley again told defendant to leave the premises and that defendant walked past him, shouldered him and used profane language while telling Officer Hurley to get "out of

his way." Officer Hurley then grabbed defendant's left arm in an attempt to arrest him; defendant grabbed Officer Hurley by the shirt and jammed him up against the side of the building. As the two men struggled, other security personnel came to the scene.

State's witness Sergeant Gary H. Levilee of the Charlotte Police Department was working off-duty and testified that he saw defendant slam a security guard to the ground and that when Sergeant Levilee attempted to restrain defendant, defendant resisted. The State also presented evidence from Gary Turner, who testified that he was employed as a security guard at the NationsBank Plaza on 25 September 1992. Mr. Turner testified that he was at his post in the lobby and that he had a clear, unobstructed view of Officer Hurley as he walked out onto the plaza in the open foyer area; that he saw Officer Hurley approach defendant and Ms. Edwards and that Ms. Edwards was seated at a table having lunch; and that he turned away and when he looked back, he saw defendant push Officer Hurley into a wall. Mr. Turner testified that he used his radio to call for assistance and then attempted to help Officer Hurley by climbing on defendant's back and placing his arm around defendant's head, and that defendant threw him off and slammed him to the ground. Mr. Turner then radioed for more assistance and several officers responded who subdued defendant.

Defendant testified on his own behalf. Defendant testified that he was a spiritual rap music singer; that on a previous occasion he had spoken to Ms. Edwards about performing on the plaza, and that she told him to get her a tape with him performing and that he had given her such a tape; that she told him to come and see her periodically and she would let him know whether he would get the opportunity to perform; that she never told him to not come back to the plaza; and that she never acted in a way that would indicate she was not receptive to him coming around and that she was friendly to him. Defendant further testified that on the day of the incident, he was at the bank with his girlfriend and he saw Ms. Edwards and went out to speak with her about performing and that while they were conversing, Officer Hurley "came up kind of arrogant and rude" and said "you are harassing this lady, and don't be coming down here harassing this lady"; that defendant responded that he and Ms. Edwards were "talking business"; but that as Officer Hurley continued, defendant told Ms. Edwards that he was going to leave. As defendant stepped to leave, Officer Hurley was in his way and they bumped shoulders, and as defendant walked away, Officer Hurley ordered him to stop, which

he did. Officer Hurley then grabbed his shoulder and defendant responded by grabbing Officer Hurley's shoulder and pushing Officer Hurley back toward the wall, and other officers came soon thereafter.

After closing arguments and after the judge charged the jury and the jury went to deliberate, defendant asked for an exception in the record regarding the following portion of the jury charge:

> And I charge for you to find the defendant guilty of assault upon a law enforcement officer while the officer was discharging or attempting to discharge a duty of his office, the State must prove these things beyond a reasonable doubt.

> First, that the defendant assaulted M. C. Hurley by intentionally and without justification or excuse, striking or bumping against him with his shoulder.

> Second, that M. C. Hurley was a law enforcement officer and the defendant knew or had reasonable grounds to know that Hurley was a law enforcement officer.

> And, third, that when the defendant struck or bumped against Hurley, Hurley was attempting to discharge a duty of his office, to it [sic], ejecting the defendant from the premises in question.

> So, then, members of the jury, I charge you that if you find from the evidence beyond a reasonable doubt, the burden being upon the State to so satisfy you, that on or about September 25, 1992, the defendant, Rodney Lineberger, intentionally and without justification or excuse struck or bumped against M. C. Hurley, and that M. C. Hurley was a Charlotte police officer, the defendant knowing or having reasonable grounds to know that Hurley was a police officer and that Hurley was attempting to discharge the duty of his office, to it [sic], ejecting the defendant from the premises in question, then it would be your duty to return a verdict of guilty as charged. However, if you do not so find or have a reasonable doubt as to one or more of these things, then it would be your duty to return a verdict of not guilty.

The court made no change in the instruction. After the jury had deliberated some time, the jury issued a written inquiry to the court during deliberation asking first, for a definition of "assault," and second, to hear Officer Hurley's testimony again. The court responded to the first request thus:

Now, members of the jury, you will recall that I instructed you upon the charge of assault upon a law enforcement officer while the officer was discharging or attempting to discharge the duty of his office, that the State is required to prove these things beyond a reasonable doubt.

First, that the defendant, that is to say, Rodney Lineberger, assaulted M. C. Hurley by intentionally and without justification or excuse striking against him or hitting a blow against him with his shoulder.

Second, that Hurley was a law enforcement officer, and the defendant knew it or had reasonable grounds to know it.

Next, that the defendant shouldered against the officer or rubbed against him with his shoulder while the officer was attempting to discharge the duty of his office, to it [sic], attempting to eject the defendant from the premises in question.

Defendant asked again for an exception in the record for the instruction and the court noted the exception. The jury rendered a guilty verdict on both counts and defendant was sentenced to a term of two years for assault on a government officer and a term of six months for resisting and obstructing a public officer. Each sentence was suspended for five years and defendant placed on probation. Defendant has appealed these convictions and sentences to this Court.

Defendant first argues that a new trial should be ordered for his conviction of assault on a police officer because the jury received an erroneous instruction. Specifically, defendant argues that the trial court erred when instructing the jury that it should find defendant guilty of assault if it found that defendant rubbed against the officer with his shoulder while the officer attempted to discharge a duty of his office. We agree.

"In giving instructions the court is not required to follow any particular form and has wide discretion as to the manner in which the case is presented to the jury, but it has the duty to explain, without special request therefor, each essential element of the offense and to apply the law with respect to each element to the evidence bearing thereon." *State v. Mundy*, 265 N.C. 528, 529, 144 S.E.2d 572, 573 (1965).

STATE v. LINEBERGER

[115 N.C. App. 687 (1994)]

In this case the court used the pattern jury instruction for the crime of assault on a law enforcement officer as set out in the North Carolina Pattern Instructions. The pattern instructions state:

The defendant has been accused of assault upon [a law enforcement officer] . . . while [the officer] . . . was [discharging] [attempting to discharge] a duty of his office.

(An assault is an overt act or attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.)

Now I charge that for you to find the defendant guilty of assault upon [a law enforcement officer] . . . while [such officer] . . . was [discharging] [attempting to discharge] a duty of his office, the State must prove four things beyond a reasonable doubt:

First, that the defendant assaulted the victim by intentionally (and without justification or excuse) (describe assault).

Second, that the victim was [a law enforcement officer][.] . . . A(n) (state victim's title) is [a law enforcement officer][.] . . .

Third, that the victim was [discharging] [attempting to discharge] a duty of (state victim's title). (Describe duty . . .) is a duty of that office.

And fourth, that the defendant knew or had reasonable grounds to know that the victim was [a law enforcement officer][.]

N.C.P.I., Crim. 208.80. While not mandatory, these instructions serve as a guide for judges on how a jury should be instructed concerning a particular crime. In the case *sub judice*, the key question the jury had to determine was whether defendant had assaulted Officer Hurley when defendant "shouldered" Officer Hurley. Clearly, the jury could not make that determination without a definition of assault. The jury's struggle with this issue was evident when the jury asked the court for a definition of assault. The court repeated its earlier instruction that did not set out the elements of an assault. *See State v. Roberts*, 270 N.C. 655, 155 S.E.2d 303 (1967), where our Supreme Court defined an assault as an overt act or show of violence which causes the person assailed reasonably to apprehend immediate bodi-

ly harm or injury so that he engages in a course of conduct which he would not otherwise have followed. *See also State v. McDaniel*, 111 N.C. App. 888, 433 S.E.2d 795 (1993), where our Court reiterated the definition of criminal assault:

> The traditional common law definition of criminal assault is an overt act or attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm.

*Id.* at 890, 433 S.E.2d at 797.

Therefore, because a definition of assault was necessary for the jury to reach a verdict on the charges herein, we find the omission of the definition of assault was prejudicial error.

In addressing defendant's conviction of resist, delay and obstruction of a public officer, we note that the trial court instructed the jury that if the attempt to arrest defendant was unlawful, defendant would be justified in resisting an unlawful arrest. In that the trial court erred in instructing the jury on the assault charge, the jury could not properly determine if there was an assault, and whether defendant's subsequent resistance was lawful. Accordingly, we find that defendant should also be granted a new trial for his conviction of resist, delay and obstruction of a public officer. We therefore award defendant a new trial as to all charges.

New trial.

Judges ORR and WYNN concur.