STATE OF NORTH CAROLINA v. ISRAEL CAMPOS GARCIA

No. COA00-1267

(Filed 6 November 2001)

### Assault— show of violence—arrest warrant—reasonable apprehension of immediate bodily harm

The trial court erred by failing to dismiss the charge of simple assault by show of violence under N.C.G.S. § 14-33(a) because the arrest warrant did not sufficiently allege the crime when it omitted facts supporting the element of a reasonable apprehension of immediate bodily harm on the part of the victim.

Appeal by defendant from judgment dated 15 March 2000 by Judge Jesse B. Caldwell, III in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 October 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Sueanna P. Sumpter, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant-appellant.*

GREENE, Judge.

Israel Campos Garcia (Defendant) appeals a judgment dated 15 March 2000 entered consistent with a jury verdict finding him guilty of simple assault.

On 13 February 1998, a Mecklenburg County Magistrate issued a warrant for Defendant's arrest finding there was probable cause that on 12 February 1998, Defendant "did unlawfully, and willfully assault Lori Rupp [(Rupp)] by means of jumping from the bushes and chasing the victim causing her to deviate from her normal activities" in violation of N.C. Gen. Stat. § 14-33(a).

Prior to trial, Defendant made a motion to dismiss the warrant against him arguing there was no indication in the arrest warrant on what theory of assault the State intended to proceed, specifically the warrant failed to allege "harmful or offensive touching . . . [or] a reasonable apprehension of immediate bodily harm." The State contended the warrant alleged an assault by "show of violence" and alleged facts supporting elements that Rupp was "scared of immedi-

ate bodily harm or unwilful [sic] contact . . . [and Defendant's] actions caused her to deviate from her normal activities." The trial court denied Defendant's motion.

---

The dispositive issue is whether an arrest warrant for simple assault by show of violence sufficiently alleges the crime when it omits facts supporting a "reasonable apprehension of immediate bodily harm" on the part of the victim.

A warrant for an arrest "must contain a statement of the crime of which the person to be arrested is accused. No warrant for arrest . . . is invalid because of any technicality of pleading if the statement is sufficient to identify the crime." N.C.G.S. § 15A-304(c) (1999). If the arrest warrant, however, is used as a criminal pleading pursuant to N.C. Gen. Stat. § 15A-921(3), it must contain "[a] plain and concise factual statement . . . which . . . asserts facts supporting every element of [the] criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant . . . of the conduct which is the subject of the accusation." N.C.G.S. § 15A-924(a)(5) (1999). Generally, a warrant which substantially follows "the words of the statute is sufficient [as a criminal pleading] when it charges the essentials of the offense in a plain, intelligible, and explicit manner." *State v. Barneycastle*, 61 N.C. App. 694, 697, 301 S.E.2d 711, 713 (1983). If the statutory language, however, "fails to set forth the essentials of the offense, then the statutory language must be supplemented by other allegations which plainly, intelligibly, and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the defendant and the court as to the offense intended to be charged." *Id.*

The statute under which Defendant is charged, N.C. Gen. Stat. § 14-33(a), does not list the essentials of the offense of simple assault. *See* N.C.G.S. § 14-33(a) (1999). Therefore, in order to charge a defendant with assault under N.C. Gen. Stat. § 14-33(a), the statutory language must be supplemented by other allegations. A warrant charging an assault by show of violence must allege: (1) a show of violence by the defendant; (2) "accompanied by reasonable apprehension of immediate bodily harm or injury on the part of the person assailed"; (3) causing the victim "to engage in a course of conduct which [s]he would not otherwise have followed." *See State v. McDaniel*, 111 N.C. App. 888, 891, 433 S.E.2d 795, 797-98 (1993) (setting forth the elements for assault by show of violence).

STATE v. GARCIA

[146 N.C. App. 745 (2001)]

In this case, the State argues the arrest warrant charged Defendant with an assault by show of violence. While the arrest warrant alleged an assault and listed facts supporting the elements of a show of violence (Defendant jumping from the bushes and chasing Rupp) and a deviation from her normal activities by the victim, the arrest warrant fails to allege any facts to support the element of "reasonable apprehension of immediate bodily harm or injury on the part of the person assailed." As this is an essential element of an assault by show of violence, the arrest warrant, by omitting facts supporting the element of a "reasonable apprehension of immediate bodily harm," fails to charge Defendant with the commission of an assault under this theory. Accordingly, as the arrest warrant failed to sufficiently charge Defendant with a crime in the manner required by N.C. Gen. Stat. § 15A-924(a)(5), the trial ·court erred in failing to dismiss the charge as stated in the criminal pleading. *See* N.C.G.S. § 15A-924(e) (1999); *see also* N.C.G.S. § 15A-954(a)(10) (1999) (the trial court must dismiss the charge against a defendant if the criminal pleading fails to charge an offense); *State v. Madry*, 140 N.C. App. 600, 601, 537 S.E.2d 827, 828 (2000) (warrant insufficient because "it did not adequately apprise defendant of the specific offense with which he was being charged").

Vacated.

Judges HUNTER and THOMAS concur.