ZACHARY, Judge, dissenting:
*372 Defendant appeals from the judgment entered upon his conviction of operating a motor vehicle with an open container of alcohol in the passenger area of his car while alcohol remained in his system. On appeal, defendant argues that the trial court lacked subject matter jurisdiction over the charge because the citation that the State used as the criminal pleading did not state facts supporting the elements of this criminal offense, as required by long-standing appellate jurisprudence and the express language of N.C. Gen. Stat. § 15A-924 (2015). The majority opinion holds that a citation is not required to comply with the statutory requirements for all criminal pleadings, but need only meet the requirements of N.C. Gen. Stat. § 15A-302 (2015) for use of a citation as a form of process to secure defendant's attendance in court. Because I disagree with this conclusion, I must respectfully dissent.
Background
On 4 January 2015, a Raleigh police officer stopped a car driven by defendant, based upon the officer's estimation that defendant was exceeding the legal speed limit. When the officer approached defendant's car, he observed an open can of beer in the center console next to defendant. After determining that defendant was not impaired, the officer issued a citation that purported to charge defendant with speeding and with operating a motor vehicle with an open container of alcohol while alcohol remained in his system. Defendant was convicted of both offenses in district court and appealed to superior court for a trial de novo, where the jury returned a verdict finding defendant guilty of operating a motor vehicle with an open container of alcohol in the passenger area of the car with alcohol remaining in his system. Defendant noted an appeal to this Court.
Standard of Review
Defendant argues that the trial court lacked subject matter jurisdiction to try him for a violation of N.C. Gen. Stat. § 20-138.7(a) (2015), on the grounds that the citation that purported to charge him with this offense did not meet the requirements for a valid criminal pleading. "A facially invalid indictment deprives the trial court of jurisdiction to enter judgment in a criminal case." State v. Haddock , 191 N.C. App. 474, 476, 664 S.E.2d 339, 342 (2008) (citations omitted). "The subject matter jurisdiction of the trial court is a question of law, which this Court reviews de novo on appeal."
*373 State v. Barnett , 223 N.C. App. 65, 68, 733 S.E.2d 95, 98 (2012) (citation omitted). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." In re Appeal of The Greens of Pine Glen Ltd. P'ship , 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citation omitted).
Preservation of Issue for Appellate Review
The majority opinion emphasizes the district court's general jurisdiction over the trial *707 of misdemeanors, and the jurisdiction of our superior courts to conduct a trial de novo upon a criminal defendant's appeal from district court. Defendant has not challenged the trial court's general jurisdiction. However, "a trial court's general jurisdiction over the type of proceeding or over the parties does not confer jurisdiction over the specific action." In re McKinney , 158 N.C. App. 441, 447, 581 S.E.2d 793, 797 (2003) (citation omitted).
The majority opinion also discusses N.C. Gen. Stat. § 15A-952(c) (2015), which provides that a "defendant charged in a citation with a criminal offense may by appropriate motion require that the offense be charged in a new pleading." The majority opinion appears to hold that by failing to file such a motion in district court, defendant has lost the right to challenge the trial court's subject matter jurisdiction. The majority opinion notes that defendant "contends [that] the trial court lacked jurisdiction to try him ... when the citation charging him failed to allege an essential element" of the charged offense. The opinion then holds that "Defendant was required to raise any objection to trial on the citation at the district court level. Defendant's failure to object to proceeding by citation established jurisdiction in district court." This indicates that the majority opinion is holding that defendant has waived review of the issue of the trial court's subject matter jurisdiction to try him. However, it is axiomatic that:
A court must have subject matter jurisdiction in order to decide a case. ... As a result, subject matter jurisdiction may be raised at any time, whether at trial or on appeal, ex mero motu . "A party may not waive jurisdiction, and a court has inherent power to inquire into, and determine, whether it has jurisdiction and to dismiss an action ex mero motu when subject matter jurisdiction is lacking."
State v. Sellers , --- N.C. App. ----, ----, 789 S.E.2d 459, 465 (2016) (quoting Reece v. Forga , 138 N.C. App. 703, 705, 531 S.E.2d 881, 882 (2000) (other citations omitted) (emphasis added)). Moreover, N.C. Gen. Stat. § 15A-1446(d) (2015) specifically provides that:
*374 Errors based upon any of the following grounds, which are asserted to have occurred, may be the subject of appellate review even though no objection, exception or motion has been made in the trial division.... (4) The pleading fails to state essential elements of an alleged violation, as required by G.S. 15A-924(a)(5).
To the extent that the majority opinion holds that defendant has waived his right to seek review of the issue of the trial court's subject matter jurisdiction, I believe this holding to be inconsistent with long-standing legal principles of our jurisprudence.
Requirements for a Valid Criminal Pleading in North Carolina
Defendant was charged in a two-count citation with two separate offenses. Defendant has not challenged the validity of the charge of speeding, for which the jury found him not guilty. The pivotal issue in this case is whether the second count of the citation met the requirements for a valid criminal pleading, thus giving the trial court subject matter jurisdiction over the charge of driving a motor vehicle on a public highway with an open container of alcohol in the passenger area of the car while alcohol remained in defendant's system. I would hold that, upon application of the plain language of the statutes governing criminal pleadings in North Carolina, the citation is invalid.
A criminal pleading is "[a]n indictment, information, or complaint by which the government begins a criminal prosecution." BLACK'S LAW DICTIONARY 8th Edn. 1190. The State charges a criminal offense in a pleading. N.C. Gen. Stat. § 15A-921 (2015) sets out the documents that may be used as the State's pleading in a criminal case in North Carolina, and states that "the following may serve as pleadings of the State in criminal cases:
(1) Citation.
(2) Criminal summons.
(3) Warrant for arrest.
(4) Magistrate's order ... after arrest without warrant.
(5) Statement of charges.
(6) Information.
*708 (7) Indictment.
The general requirements for all criminal pleadings are set out in N.C. Gen. Stat. § 15A-924(a) (2015), which states in relevant part that:
*375 (a) A criminal pleading must contain:
(1) The name or other identification of the defendant[.]
(2) A separate count addressed to each offense charged, but allegations in one count may be incorporated by reference in another count.
(3) A statement or cross reference in each count indicating that the offense charged therein was committed in a designated county.
(4) A statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date[.]
(5) A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation....
(6) For each count a citation of any applicable statute, rule, regulation, ordinance, or other provision of law alleged therein to have been violated....
It is well established that "[N.C. Gen. Stat. §] 15A-924 codifies the requirements of a criminal pleading. A criminal pleading must contain, inter alia ... '[a] plain and concise factual statement in each count which ... asserts facts supporting every element of a criminal offense and the defendant's commission thereof[.]' " State v. Saults , 294 N.C. 722, 724, 242 S.E.2d 801, 803-04 (1978). The purpose of this requirement is:
(1) [to provide] such certainty in the statement of the accusation as will identify the offense with which the accused is sought to be charged; (2) to protect the accused from being twice put in jeopardy for the same offense; (3) to enable the accused to prepare for trial; and (4) to enable the court, on conviction or plea of nolo contendere or guilty to pronounce sentence according to the rights of the case.
State v. Greer , 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953). Thus, "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States , 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed. 2d 590, 620 (1974).
*376 "This constitutional mandate, however, merely affords a defendant the right to be charged by a lucid prosecutive statement which factually particularizes the essential elements of the specified offense. See G.S. 15A-924(a)(5) [.]" State v. Sturdivant , 304 N.C. 293, 309, 283 S.E.2d 719, 730 (1981). " N.C.G.S. § 15A-924 does not require that an indictment contain any information beyond the specific facts that support the elements of the crime." State v. Rambert , 341 N.C. 173, 176, 459 S.E.2d 510, 512 (1995).
"An indictment is invalid and prevents the trial court from acquiring jurisdiction over the charged offense if [it] 'fails to state some essential and necessary element of the offense of which the defendant is found guilty.' " State v. McNeil , 209 N.C. App. 654, 658, 707 S.E.2d 674, 679 (2011) (quoting State v. Wilson , 128 N.C. App. 688, 691, 497 S.E.2d 416, 419 (1998) ). "Lack of jurisdiction in the trial court due to a fatally defective indictment requires 'the appellate court ... to arrest judgment or vacate any order entered without authority.' " State v. Galloway , 226 N.C. App. 100, 103, 738 S.E.2d 412, 414 (2013) (quoting State v. Petersilie , 334 N.C. 169, 175, 432 S.E.2d 832, 836 (1993) ).
The vast majority of our appellate cases addressing the sufficiency of a criminal pleading arise in the context of indictments. However, N.C. Gen. Stat. § 15A-924 states the general requirement that a "criminal pleading" must contain certain information, and does not limit its application to a subset of the types of criminal pleadings listed in N.C. Gen. Stat. § 15A-921. In addition, the requirement that a criminal pleading must state facts supporting the elements of the charged offense has been addressed in cases *709 in which a defendant's conviction was based on a criminal pleading other than an indictment. See, e.g., State v. Coker , 312 N.C. 432, 434, 323 S.E.2d 343, 346 (1984) (addressing the sufficiency of the factual allegations in a citation charging the defendant with impaired driving), State v. Ballance , 218 N.C. App. 202, 720 S.E.2d 856 (2012) (applying the requirements of N.C. Gen. Stat. § 15A-924(a) to a misdemeanor statement of charges), and State v. Camp , 59 N.C. App. 38, 41-42, 295 S.E.2d 766, 768 (1982) (applying requirement that a criminal pleading must state facts supporting the elements of the charged offense to a warrant).
In sum, N.C. Gen. Stat. § 15A-921 expressly states that a citation may serve as the State's pleading in a criminal case, and N.C. Gen. Stat. § 15A-924(a)(5) requires that every criminal pleading must contain facts supporting each of the elements of the criminal offense with which the defendant is charged. There do not appear to be any appellate cases holding that N.C. Gen. Stat. § 15A-924 does not apply to a citation used *377 as the pleading in a criminal case. Under the plain language of these statutes, when a citation is used by the State as the pleading in a criminal case, it must-like any other criminal pleading-allege facts that support the elements of the offense with which the defendant is charged.
Discussion
Defendant was convicted of operating a motor vehicle with an open container of alcohol in the passenger area of the car while alcohol remained in his system, in violation of N.C. Gen. Stat. § 20-138.7(a) (2015). This statute provides that "[n]o person shall drive a motor vehicle on a highway or the right-of-way of a highway: (1) While there is an alcoholic beverage in the passenger area in other than the unopened manufacturer's original container; and (2) While the driver is consuming alcohol or while alcohol remains in the driver's body." The elements of this offense are that the defendant (1) drove a motor vehicle on a highway or right-of-way of a highway, (2) with an open container of an alcoholic beverage in the passenger area of the car, (3) while alcohol remained in the defendant's body.
The charging language of the citation issued in order to compel defendant's attendance in court states the following:
The officer named below has probable cause to believe that on or about Sunday, the 04 day of January 2015 at 10:16 p.m. in the county named above you did unlawfully and willfully OPERATE A MOTOR VEHICLE ON A STREET OR HIGHWAY AT A SPEED OF 62 MPH IN A 45 MPH ZONE. ( G.S. 20-141(J1) )
and on or about Sunday, the 04 day of January 2015 at 10:16 p.m. in the county named above you did unlawfully and willfully
WITH AN OPEN CONTAINER OF ALCOHOLIC BEVERAGE AFTER DRINKING. ( G.S. 20-138.7(a) )
(Underlined script indicates information added by the law enforcement officer on a Uniform Citation Form).
The citation thus charges that on Sunday, 4 January 2015, defendant "did unlawfully and willfully WITH AN OPEN CONTAINER OF ALCOHOLIC BEVERAGE AFTER DRINKING. ( G.S. 20-138.7(a) )." This sentence fragment fails to include a verb stating what defendant did "with an open container of alcohol." Specifically, it fails to allege that *378 defendant operated a motor vehicle on a public road or highway, or even that he "drove." Nor does the citation allege that the open container of alcohol was in the passenger area of defendant's car. The citation fails to allege facts that would support two of the three elements of the offense: that defendant drove on a public highway, or that he had an open container of alcohol in the passenger area of the car. As a result, the citation did not comply with the requirements of N.C. Gen. Stat. § 15A-924 and did not confer subject matter jurisdiction upon the trial court. The majority opinion reaches the contrary conclusion and holds that the citation was valid. After careful consideration of the reasoning supporting this holding, I am unable to agree.
Firstly, in its assessment of the validity of the citation, the majority includes notes made by the charging officer in a box below the charging language with the heading "Officer's *710 Comments." No legal basis for including this language is set out in the opinion. Moreover, the "Officer's Comments" do not state that defendant was driving a motor vehicle upon a public road.
Secondly, the majority opinion appears to adopt the State's argument that we should read the language of the first count, which alleges that defendant operated a motor vehicle at a speed in excess of the legal speed limit, and then add only the word "and" from the second count (which alleges that "and on or about Sunday, the 04 day of January 2015 at 10:16 PM in the county named above you did unlawfully and willfully"), and by this means arrive at a reading of the citation stating that defendant "operated a motor vehicle" at an excessive speed "and" (omitting the words "on or about Sunday, the 04 day of January 2015 at 10:16 PM in the county named above you did unlawfully and willfully") "with an open container of alcoholic beverage after drinking." However, no authority is cited in support of this procedure, and "[i]t is settled law that each count of an indictment containing several counts should be complete in itself." State v. Moses , 154 N.C. App. 332, 336, 572 S.E.2d 223, 226 (2002) (internal quotation omitted). By the same measure, each count of a criminal pleading, such as a citation, containing several counts should be complete in itself.
The holding of the majority opinion that the citation issued in this case was valid is based primarily upon the language of N.C. Gen. Stat. § 15A-302 (2015). The opinion states that "[f]or a citation to be valid, it must contain" the information specified in N.C. Gen. Stat. § 15A-302(b). The flaw in this argument is that N.C. Gen. Stat. § 15A-302 is a statute contained in N.C. Gen. Stat. § 15A, Article 17, entitled "Criminal Process,"
*379 which addresses the use of a citation as criminal process , and not as a pleading . The majority fails to acknowledge this issue or to articulate a basis for applying the requirements for use of a citation as a form of process, rather than the specific statutory criteria for use of a citation as a criminal pleading.
The Official Commentary to Article 17 states that "[c]riminal process includes the citation, criminal summons, warrant for arrest, and order for arrest. They all serve the function of requiring a person to come to court." This language is consistent with the definition of "criminal process" as "[a] process (such as an arrest warrant) that issues to compel a person to answer for a crime." BLACK'S LAW DICTIONARY, 8th Edn. 1242. The statutes in Article 17 govern the requirements for issuance of process requiring a defendant to appear in court and answer a criminal charge. For example, N.C. Gen. Stat. § 15A-301 (2015) states that:
(a)(2) "Criminal process, other than a citation, must be signed and dated by the justice, judge, magistrate, or clerk who issues it. The citation must be signed and dated by the law-enforcement officer who issues it."
(b) Warrants for arrest and orders for arrest must be directed to a particular officer, a class of officers, or a combination thereof, having authority and territorial jurisdiction to execute the process. A criminal summons must be directed to the person summoned to appear[.] ... The citation must be directed to the person cited to appear.
Similarly, N.C. Gen. Stat. § 15A-302 sets out the requirements for the use of a citation as criminal process :
(a) A citation is a directive, issued by a law enforcement officer or other person authorized by statute, that a person appear in court and answer a misdemeanor or infraction charge or charges. (emphasis added).
...
(c) Contents.-The citation must:
(1) Identify the crime charged, including the date, and where material, identify the property and other persons involved,
(2) Contain the name and address of the person cited, or other identification if that cannot be ascertained, *380 (3) Identify the officer issuing the citation, and
(4) Cite the person to whom issued to appear in a designated court, at a designated time and date.
*711 (d) A copy of the citation shall be delivered to the person cited who may sign a receipt on the original which shall thereafter be filed with the clerk by the officer....
The functions of a criminal pleading, which are discussed above, are fundamentally different from the purpose of criminal process, which is simply to secure the defendant's attendance in court. Notably, an indictment, which is the primary form of criminal pleading, is not included as a permissible type of criminal process. The majority opinion holds that "[f]or a citation to be valid" it need only comply with N.C. Gen. Stat. § 15A-302(c). However, the majority offers no basis upon which to ignore the express language of N.C. Gen. Stat. § 15A-924, which governs the requirements for all criminal pleadings, in favor of N.C. Gen. Stat. § 15A-302, which sets out the requirements for the use of a citation as criminal process.
I conclude that equating the requirements for process with those applicable to pleadings is a classic "apples to oranges" comparison. This position finds support in the language of the relevant statutes and in this Court's opinion in State v. Garcia , 146 N.C. App. 745, 553 S.E.2d 914 (2001). In Garcia , the defendant was served with an arrest warrant charging him with assault. On appeal, the defendant argued that the arrest warrant, although adequate to compel him to appear in court, failed to satisfy the requirements for a criminal pleading. We agreed, and held that:
A warrant for an arrest "must contain a statement of the crime of which the person to be arrested is accused. No warrant for arrest ... is invalid because of any technicality of pleading if the statement is sufficient to identify the crime." N.C.G.S. § 15A-304(c) (1999). If the arrest warrant, however, is used as a criminal pleading pursuant to N.C. Gen. Stat. § 15A-921(3), it must contain "[a] plain and concise factual statement ... which ... asserts facts supporting every element of [the] criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant ... of the conduct which is the subject of the accusation." N.C.G.S. § 15A-924(a)(5) (1999).
Garcia , 146 N.C. App. at 746, 553 S.E.2d at 915 (emphasis added).
*381 Given that (1) when used as criminal process , both warrants and citations must "identify the crime" charged; (2) N.C. Gen. Stat. § 15A-921 includes both warrants and citations as valid criminal pleadings; and (3) N.C. Gen. Stat. § 15A-924 requires that all criminal pleadings state facts supporting the elements of the offense with which the defendant is charged, I would conclude that the holding of Garcia is equally applicable to the instant case. I cannot agree that the criminal process requirements of N.C. Gen. Stat. § 15A-302, rather than the pleading requirements of N.C. Gen. Stat. § 15A-924, should determine the resolution of this case. See also State v. Cook , 272 N.C. 728, 731, 158 S.E.2d 820, 822 (1968) ("[T]he warrant fails to allege an essential element of the offense[.] ... This defect is not cured by reference in the warrant to the statute.").
The majority opinion also notes this Court's opinion in State v. Allen , --- N.C. App. ----, 783 S.E.2d 799 (2016). In Allen , the defendant was charged in a citation with a violation of N.C. Gen. Stat. § 18B-401(a) (2015), which makes it unlawful "for a person to transport fortified wine or spirituous liquor in the passenger area of a motor vehicle in other than the manufacturer's unopened original container." On appeal, the defendant argued that the trial court lacked jurisdiction to try him, on the grounds that the charging citation failed to allege an essential element of the offense. This Court held that the citation complied with the requirement of N.C. Gen. Stat. § 15A-302 that the citation "[i]dentify the crime charged." Apparently the charging citation was also used as the State's criminal pleading in Allen . However, Allen did not cite N.C. Gen. Stat. § 15A-924(b)(5) or address the requirements of that statute for all criminal pleadings. As a result, Allen is distinguishable from the present case.
Conclusion
The majority opinion holds that when a citation is used by the State as a criminal pleading, the law "does not require a hyper-technical assertion of each element of an offense[.]" However, our legislature enacted N.C. Gen. Stat. § 15A-921 and N.C. Gen. Stat. § 15A-924, and thereby determined the types of documents that may serve as a criminal pleading as well as the level of specificity *712 required. These statutes plainly state that a citation may serve as the State's criminal pleading and that criminal pleadings must state facts supporting the elements of the charged offense. "This policy decision is within the legislature's purview," Hest Techs., Inc. v. State of N.C. ex rel. Perdue , 366 N.C. 289, 303, 749 S.E.2d 429, 439 (2012), and "[w]hen the language of a statute is clear and unambiguous, it must be given effect and its clear meaning *382 may not be evaded ... under the guise of construction." State v. Bates , 348 N.C. 29, 34-35, 497 S.E.2d 276, 279 (1998) (citation and internal quotation marks omitted).
For the reasons discussed above, I conclude that the citation charging that defendant "unlawfully and willfully with an open container of alcoholic beverage after drinking" failed to state facts that would support the elements of the offense of operating a motor vehicle with an open container of alcohol in the passenger area of the car while alcohol remained in the defendant's system. Pursuant to N.C. Gen. Stat. § 15A-924(a)(5), all criminal pleadings, including citations, must allege facts that establish every element of the offense with which the defendant is charged. For this reason, I cannot agree with the holding of the majority opinion and must respectfully dissent.